743 So.2d 603 (1999)
Curtis FREEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-4040.
District Court of Appeal of Florida, Fourth District.
October 13, 1999.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Curtis Freeman, the appellant, was convicted, following a jury trial, of possession of cocaine (count I) and trespass in a structure or conveyance (count II). On appeal, Freeman contends, and the State concedes, that the trial court erred in denying his motion for judgment of acquittal with respect to the trespass charge.
In the instant case, it was undisputed that Freeman and others were standing in front of an abandoned apartment building. Thus, Freeman's conduct can be characterized as trespass in a structure or conveyance only if the area surrounding the building is considered "curtilage." See §§ 810.011(1), 810.08(1), Fla. Stat. (1997). The Florida Supreme Court has held, in the context of the burglary statute, that in order for an area surrounding a residence to be curtilage, "some form of an enclosure" is required. State v. Hamilton, 660 So.2d 1038, 1044 (Fla.1995). This enclosure requirement has since been extended to the trespass statute. See L.K.B. v. State, 677 So.2d 925 (Fla. 5th DCA 1996). Here, the State failed to present evidence that the area in front of the abandoned apartment building was enclosed in any manner.
Accordingly, we reverse Freeman's conviction for violation of section 810.08(1), trespass in a structure or conveyance. We note, however, that contrary to the suggestions contained in the initial brief, our reversal of Freeman's conviction does not equate to a finding that his arrest (and the subsequent search) was unlawful.
WARNER, C.J., STONE and STEVENSON, JJ., concur.