SCHWARTZ, Senior Judge.
The juvenile-appellant was charged with trespass after warning (count 1) and trespass in a structure (count 2) as a result of her repeated failure to leave an open, unfenced stairway leading from the walkway to the front porch and entrance doors of the Unity Health and Rehabilitation Center in Miami-Dade County. She was *658 found not guilty as to count 1, but guilty as to count 2 and appeals.
As the state rightly concedes, the adjudication cannot stand because the stairway, which was plainly not within the “structure” itself, was also, contrary to the trial court’s belief, not within its “curti-lage,” so as to justify such a conviction. See Freeman v. State, 743 So.2d 603 (Fla. 4th DCA 1999); L.K.B. v. State, 677 So.2d 925 (Fla. 5th DCA 1996).
The state bravely suggests that B.W. was actually guilty of “trespass on property other than a structure or conveyance after warning.” This claim however, is entirely unavailing. Rightly or (probably) wrongly, B.W. was acquitted of count 1, the only charge which alleges that conduct. Obviously, we have no authority to interfere with that determination in any way. See L.F. v. State, 859 So.2d 1251 (Fla. 3d DCA 2003).
Accordingly, the adjudication is reversed with directions to discharge the respondent.
Reversed and remanded.