STEVENSON, J.
 

 Kenneth Ruiz failed to immediately leave the parking lot of a nightclub when asked to do so by an off-duty police officer, was charged with and convicted of
 
 trespass in a structure,
 
 and was sentenced to forty days in jail. Because the parking lot was not a part of the “curtilage” of the nightclub, we reverse.
 

 Ruiz was charged with second-degree attempted murder of a law enforcement officer, resisting with violence, and trespass in a structure or conveyance. These charges arose from an altercation in the parking lot of Giorgio’s nightclub where Ruiz celebrated his birthday with friends. A police officer, who worked an off-duty detail at the club, told Ruiz and his friends, several times, to leave because the club was closing. In response, Ruiz and his friends engaged in some name calling, and, though they left the club, they remained in the parking lot partaking in disruptive behavior. Ultimately, when the officer attempted to arrest Ruiz, a struggle ensued, and, as others joined the fray, it escalated. A jury acquitted Ruiz of the first two charges, but convicted him of trespass in a structure or conveyance. Defense counsel renewed the motion for judgment of acquittal he made during trial, arguing that Ruiz was in an open-air parking lot, and thus, no reasonable jury should have found him guilty of trespass in a structure or conveyance. The trial court denied the motion. Ruiz appeals, and the State concedes error.
 

 Ruiz was charged with and convicted of violating section 810.08(1), Florida Statutes (2006), entitled “Trespass in structure or conveyance,” which provides in pertinent part that “[wjhoever, ... having been authorized, licensed, or invited, is warned by the owner or lessee of the premises, or by a person authorized by the owner or lessee, to depart and refuses to do so, com
 
 *209
 
 mits the offense of trespass in a structure or conveyance.” Nearby section 810.011(1), Florida Statutes (2006), defines a structure as “a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof.” This statutory scheme neglects to define curtilage, but in
 
 State v. Hamilton,
 
 660 So.2d 1038 (Fla.1995), our supreme court held that “some form of an enclosure [is required] in order for the area surrounding a residence to be considered part of the ‘curtilage’ as referred to in the burglary statute.”
 
 Id.
 
 at 1044.
 
 L.K.B. v. State,
 
 677 So.2d 925 (Fla. 5th DCA 1996), extended
 
 Hamilton
 
 to the trespass statute.
 
 Id.
 
 at 926 (holding that because both burglary and trespass rely on the definition of “structure” found in section 810.011(1), there is no basis to limit
 
 Hamilton
 
 to burglary cases);
 
 see also B.W. v. State,
 
 973 So.2d 657, 658 (Fla. 3d DCA 2008);
 
 Freeman v. State,
 
 743 So.2d 603, 603 (Fla. 4th DCA 1999).
 

 In the instant case, it is undisputed that neither party contended the parking lot was enclosed. Therefore, we reverse Ruiz’s judgment of conviction for trespass in a structure or conveyance and sentence.
 

 Reversed and remanded.
 

 POLEN and GERBER, JJ., concur.