PER CURIAM.
This is an appeal by the respondent J.D. from a finding of guilt, a withholding of adjudication, and an order placing the respondent on community control for (1) trespass to a conveyance [§ 810.08, Fla.Stat. (1991)], and (2) possession of burglary tools [§ 810.06, Fla.Stat. (1991) ] in a juvenile delinquency proceeding below. We affirm the delinquency conviction for trespass to a conveyance, but reverse the delinquency conviction for possession of burglary tools.
First, as to the trespass conviction, the state’s evidence at trial established that the respondent was arrested one evening while travelling as a passenger in a stolen car driven by a school acquaintance of the respondent. The car ignition had been punched out, the car radio had been removed, and the speakers to the car radio were missing. There was a set of car keys in the ignition, which the respondent admitted to the police belonged to him; the respondent, however, denied stealing the car. At trial, the respondent testified that he knew the car was stolen but that he discovered this only after he had entered the car, the car was travelling on the Palmetto Expressway, and he was unable to exit the vehicle. As a consequence, the respondent contends on appeal that the trial court erred in denying his motion for judgment of acquittal on this charge because, he asserts, the charged trespass was not willful. We disagree. The trial court was entitled to believe on this evidence that the respondent had knowledge that the car was stolen when he entered the vehicle in view of the damage to the car ignition, radio, and speakers, and that he willfully entered the vehicle with such knowledge; moreover, the respondent later lent his car keys to the driver to place in the car ignition so that the stolen character of the vehicle might be concealed, which further supports a finding that the respondent was a willing, guilty participant in the offense of trespass to a conveyance. D.L. v. State, 567 So.2d 5 (Fla. 3d DCA 1990); M.F. v. State, 562 So.2d 724 (Fla. 3d DCA 1990); G.C. v. State, 560 So.2d 1186 (Fla. 3d DCA 1990), approved, 572 So.2d 1380 (Fla.1991).
Second, as to the possession of burglary tools conviction, however, we agree with the respondent that no evidence was adduced below that the respondent’s car keys were possessed with intent to commit a burglary or a trespass. Plainly, the car keys were not used to break into the stolen car or to drive the car after the break-in. To the contrary, the keys were used to cover up the prior offense of burglary and trespass, rather than to gain entry into or to drive the subject car. Thomas v. State, 531 So.2d 708 (Fla.1988).
The delinquency conviction for trespass to a conveyance, together with the order placing the respondent on community control, is affirmed; the delinquency conviction for possession of burglary tools is reversed and the respondent is discharged therefrom.
Affirmed in part; reversed in part.