HARRIS, J.
P.W. was a passenger in a vehicle determined to be stolen. P.W. testified that his friend, who represented that the vehicle belonged to his grandmother, invited him for a ride. P.W. was found to have committed the offense of trespass in an occupied conveyance.[1] Although the juvenile hearing was conducted in Orange County, P.W. was transferred to Hendry County for disposition. He was adjudicated delinquent and placed on community control.
He appeals, claiming the evidence was insufficient to justify his conviction. We agree. The only evidence presented by the state was that the vehicle had been stolen and that P.W. was subsequently found to be a passenger in the vehicle. There was no indication that P.W. knew or should have known that the vehicle was stolen. The ignition had not been punched out and the radio and speakers had not been removed as in J.D. v. State, 604 So.2d 936 (Fla. 3d DCA 1992). And neither the rear window nor the steering column had been broken as in M.F. v. State, 562 So.2d 724 (Fla. 3d DCA 1990).
The trial court’s reliance on State v. G.C., 572 So.2d 1380 (Fla.1991), is misplaced. In G.C., as to the conviction for trespass to a conveyance, the supreme court merely agreed with the appellate court’s decision then on review. The appellate court [G.C. v. State, 560 So.2d 1186, 1188 n. 3 (Fla. 3d DCA 1990) ] upheld the conviction for trespass based on the fact that “G.C. conceded, at the time of arrest, that he suspected the car was stolen. In view of the small size and apparently youthful age of the driver, the court could reasonably conclude that G.C.’s knowledge rose to a greater level than that of suspicion that the car was stolen.” In our ease, P.W. denied any knowledge or suspicion that the vehicle had been stolen. He testified that he had known the driver for about a year. He had seen his friend drive another vehicle. His friend represented that his grandmother was permitting him to drive the vehicle and he had the keys to the vehicle. There was nothing that indicated that the vehicle had been broken into. In short, there was no evidence to support the conclusion that P.W. knew that the driver had no authority to invite him into the vehicle.
REVERSED.
GOSHORN and ANTOON, JJ., concur.

. Although we reverse the conviction herein in its entirety, we agree with the Fourth District that even had trespass been committed in this case, the fact that a fellow trespasser was in the vehicle would not raise the offense to the level of trespass in an occupied conveyance. See D.E. v. State, 725 So.2d 1269 (Fla. 4th DCA 1999).