ON MOTION FOR REHEARING

WARNER, C.J.
The motion for rehearing is granted. We withdraw our prior opinion and substitute the following in its place.
Appellant timely appeals from an order adjudicating him delinquent,' contending *1061 that the trial court erred in denying his motion for dismissal where the evidence was legally insufficient to adjudicate him delinquent for trespass of a conveyance. We agree and reverse.
In order to find that appellant committed the delinquent act of trespass to a conveyance, the state had to prove that appellant willfully entered or remained in a conveyance without being authorized, licensed or invited by the owner or a person authorized to give permission. See § 810.08, Fla. Stat. (1997). The facts of the case are essentially undisputed. The state presented the following evidence at trial. On December 14, 1996, Thomas Hammond reported that his maroon Dodge work truck had been stolen. On that same day, Officer Brock started to initiate a traffic stop on a maroon Dodge truck that had just run a red light. The truck made an abrupt right-hand turn, almost running head-on into another vehicle. The officer turned on his' siren, at which point the truck, attempting to flee, spun out and hit a tree. Two persons exited the truck and took off running. Officer Brock pursued and apprehended appellant, who was the passenger in the vehicle. Appellant told the officer that he had accepted a ride from an acquaintance and did not know that the truck was stolen. The officer searched the vehicle and discovered a few of Mr. Hammond’s work tools and a set of large bolt cutters, which appellant admitted to owning. Subsequently, the officer learned that the truck had been stolen. At the close of the state’s case, appellant moved for dismissal, which the trial court denied.
After the presentation of the state’s evidence, the appellant testified. He explained that he was walking along the road when a person from the community, whom he knew as Terry, stopped the truck he was driving and asked appellant if he wanted a ride. Appellant did not observe any broken windows in the truck, and the keys were in the ignition. When Terry invited him into the vehicle, appellant did not have any reason to believe the truck was stolen. He had seen Terry around the community in various vehicles and did not know that the truck he was riding in was a grove truck. Appellant also explained that he only fled from the police because he was scared and had seen Terry run after the truck hit the tree. Based upon this evidence, the trial court adjudicated the appellant as a delinquent for the offense of trespass to a conveyance.
The state first contends that because appellant failed to move for a judgment of acquittal at the close of all the evidence, the issue of sufficiency of the evidence to support the conviction is not preserved. The Rules of Juvenile Procedure do not provide for a motion for judgment of acquittal at the close of the state’s case, as do the criminal rules of procedure. See Fla. R.Crim. P. 3.380(a). Instead, a motion for dismissal may be made at the close of the state’s case. See Fla. R. Juv. P. 8.110(k). Rule 8.110(f) simply states that “[I]f the court finds that the allegations in the petition have not been sustained, it shall enter an order so finding and dismissing the case.” In the instant case, the defense made the motion at the close of the state’s case and then addressed the same argument during closing in requesting the court to find the appellant “not guilty.” In juvenile proceedings, the court would dismiss the petition, rather than find the juvenile “not guilty.” See id. Thus, a request to the court to find the juvenile not guilty is equivalent to requesting dismissal pursuant to rule 8.110(f). The issue is thus preserved for appeal.
Appellant claims that the state’s case was circumstantial and did not disprove his contention that he was entirely unaware that the vehicle in which he was riding was stolen. The state’s burden in a circumstantial evidence case is governed by State v. Law, 559 So.2d 187, 189 (Fla.1989):
*1062 The state is not required to “rebut conclusively every possible variation” of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant’s theory of events. See Toole v. State, 472 So.2d 1174, 1176 (Fla.1985). Once that threshold burden is met, it becomes the jury’s duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt,
(footnote omitted). In the instant case, the state proved that the appellant was a passenger in a stolen vehicle, and the appellant fled from the vehicle when approached by the police. Flight is insufficient, standing alone, to warrant a verdict of guilty. See State v. Young, 217 So.2d 567, 571 (Fla.1968), cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969). Moreover, appellant testified to a reasonable, unrefuted explanation for his presence in the automobile, an explanation he gave to the officer immediately after the incident and to which he testified consistently at trial. In M.F. v. State, 549 So.2d 225 (Fla. 3d DCA 1989), M.F. was seen fleeing the area in which a vehicle was being stripped. M.F. testified that he had only watched while other children stripped the car. The third district reversed the adjudication of the juvenile, holding that the state had not excluded the reasonable hypothesis that M.F. was merely an onlooker. See id. at 225. “Presence at the scene of the offense and flight from the scene is legally insufficient to establish appellant’s guilt....” Id. (quoting J.W. v. State, 467 So.2d 796, 797 (Fla. 3d DCA 1985)). Similarly, in E.L.S. v. State, 547 So.2d 298, 299 (Fla. 3d DCA 1989), circumstantial evidence was deemed insufficient to prove theft of a vehicle where the juvenile presented an unrefuted, reasonable explanation that the driver told him the truck belonged to his uncle. In light of appellant’s explanation of his presence in the vehicle and the reason for his flight, the state has failed to meet its burden under Law. We therefore reverse.
OWEN, WILLIAM C., Jr., Senior Judge, concurs.
KLEIN, J., concurs specially with opinion.