781 So.2d 508 (2001)
Eric SPIKES, Appellant,
v.
STATE of Florida, Appellee.
Chad Freeman, Appellant,
v.
State of Florida, Appellee.
Nos. 1D99-4164, 1D99-4224.
District Court of Appeal of Florida, First District.
April 5, 2001.
John F. Daniel of Daniel & Komarek, Chartered, Panama City, for Appellant, Eric Spikes; Clayton R. Syfrett of Syfrett & Dykes, P.A., Panama City, for Appellant, Chad Freeman.
Robert A. Butterworth, Attorney General; Karen M. Holland, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Appellants pleaded no contest to charges of manufacture of cannabis, possession of drug paraphernalia, and possession of alcohol by a minor in the case of Eric Spikes; and manufacture of cannabis, possession of cannabis, possession of drug paraphernalia, and possession of alcohol by a minor in the case of Chad Freeman, and judgments of convictions were entered. Appellants reserved the right to appeal the denial of their motion to suppress evidence, which was determined to be dispositive. Appellants argue the evidence is a product of an improper vehicle stop, as the officer did not have a founded suspicion of criminal activity that justifies the investigatory stop of Appellants. We agree and reverse.
This case arose when a county deputy observed a vehicle, in which Appellants and two other young men were parked in a rural area in Washington County on the shoulder of a road about 20 feet from the pavement. The deputy approached Appellant's vehicle and asked if everything was O.K. The officer was told that the air in the tires of the vehicle was being checked. Neither of the four young men possessed *509 an air gauge. The deputy next asked Appellants where they were from, and where they were going. On being told Panama City, Florida; and Fountain, Florida, respectively, the deputy opined Appellants might be lost, and Appellants agreed they were lost. In response, the deputy gave Appellants directions to Fountain by paved roads, and the deputy proceeded on. As the deputy left, he observed the vehicle tag and called it in to dispatch, which informed him the vehicle was owned by a person[1] 72 years of age who lived in Washington County, and was not reported as stolen. The deputy then turned, pursued, and stopped the vehicle that resulted in the charges[2] against Appellants.
An officer without a warrant may detain a person temporarily if the officer has a reasonable, or "founded," suspicion that a person has committed, is committing, or is about to commit a crime. § 901.151, Fla. Stat.; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). On the other hand, the suspicion must be based on objective and specific facts that the person detained is going to or is presently engaged in some actual criminal activity. See Jenkins v. State, 685 So.2d 918 (Fla. 1st DCA 1996). These factors are applied and interpreted in the light of the officer's knowledge. See State v. Pye, 551 So.2d 1237 (Fla. 1st DCA 1989). A mere suspicion or subjective hunch does not provide a proper basis for an investigatory stop. See Turner v. State, 552 So.2d 1181 (Fla. 4th DCA 1989).
In the instant case, the threshold facts required for an investigatory stop do not exist. The deputy, the sole witness for the State, testified that when he first rode away from such vehicle he had no suspicion of criminal activity. Only after hearing from the dispatcher that such vehicle was not reported as stolen and its owner was 72 years old, did the deputy turn and stop Appellants because, as he testified: "Suspicion of criminal activity? No sir. It just didn't sound right; their story didn't jive, so to speak.", "It seemed suspicious to me that I had four young men in a vehicle owned by a seventy-two year old man," and "I was curious to know whose car it was and who the driver was, based on the possibility it may be stolen and just hadn't been reported yet." [Emphasis added]. Thus, given the testimony of the deputy, it is clear the facts are insufficient to support a well-founded suspicion of criminal activity that justifies an investigatory stop of Appellants. See Graham v. State, 714 So.2d 1142 (Fla. 1st DCA 1998). The trial court reversibly erred by determining to the contrary and denying Appellants' motion to suppress.
Accordingly, we REVERSE and REMAND with instructions to discharge Appellants, because the state agreed that the denial of Appellants' motion to suppress was dispositive.
BENTON, J., concurs; ALLEN, J., dissents with opinion.
ALLEN, J., dissenting.
I dissent because the record supports the trial court's finding that the stop of the automobile was based on the deputy's founded suspicion that the automobile might be stolen. The deputy's suspicions were aroused by several things he learned prior to the stop. The occupants of the automobile appeared to be no more than 21 or 22 years old, but the automobile was registered to a man who was 72 years old. The occupants of the automobile claimed *510 to be from Panama City, Bay County, Florida, but the automobile displayed Washington County plates and was registered to a resident of Washington County. The occupants claimed to be traveling from Panama City, Bay County, Florida, to Fountain, Bay County, Florida, but they were actually in Washington County at a location far distant from any logical route between Panama City and Fountain. The deputy sheriff testified that these circumstances collectively caused him to suspect that the automobile might be stolen. He therefore decided to make a brief stop for the purpose of inquiring further.
None of the individual circumstances standing alone would have supported a founded suspicion that the automobile might be stolen, but that does not end the inquiry.
In determining whether an officer possesses a reasonable or well-founded suspicion of criminal activity so as to justify an investigatory stop, `the totality of the circumstancesthe whole picturemust be taken into account.' Tamer v. State, 484 So.2d 583, 584 (Fla.1986) (quoting from United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621, 629 (1981)). Thus, even if none of the facts standing alone would give rise to a reasonable suspicion, when taken together, as viewed by an experienced officer, they can provide clear justification for a brief detention. Tamer, 484 So.2d at 584.
State v. Pye, 551 So.2d at 1238. The experienced deputy sheriff in this case made a reasonable decision to briefly stop the automobile based on a combination of circumstances that reasonably caused him to suspect that the automobile might be stolen. I would affirm.
NOTES
[1] The owner of the car is the grandfather of the driver of such vehicle who had permission to use it.
[2] Appellants do not contest, and the record is silent concerning, the circumstances surrounding the seizure of the evidence.