840 So.2d 401 (2003)
STATE of Florida, Appellant,
v.
Jose GONZALEZ, Appellee.
No. 4D02-1272.
District Court of Appeal of Florida, Fourth District.
March 19, 2003.
*402 Charlie Crist, Attorney General, Tallahassee, and Barbara A. Zappi, Assistant Attorney General, Ft. Lauderdale, for appellant.
Richard W. Springer and Catherine Mazzullo of Richard W. Springer, P.A., Palm Springs, for appellee.
WARNER, J.
The state appeals the trial court's order granting appellee's motion to suppress evidence obtained when a sheriff's deputy stopped appellee for theft. The trial court held that the officer did not have reasonable suspicion to effect the stop based upon Spikes v. State, 781 So.2d 508 (Fla. 1st DCA 2001). Because we find the facts of Spikes are distinguishable, and the deputy did have sufficient reasonable suspicion of illegal activity, we reverse.
Deputy Henry Zuback ("Deputy Zuback") lived on a farm in Loxahatchee owned by David Steffee ("Steffee"). Deputy Zuback has known Steffee for over twenty-two years and took care of his farm. Deputy Zuback used Steffee's tractor on a regular basis to cut Steffee's field. Steffee's tractor was uniqueit was custom-made from steel instead of fiberglass, had a custom-made top on it, which included rectangular lights on the front and rear, and had a loader. It also had a wing mower and bush hog. A make-shift wire hanger repair had been made by Deputy Zuback to secure the motor deck because the clip was missing.
On September 20, 2001, Deputy Zuback was delivering civil papers in Loxahatchee when he passed a similar looking tractor around 7:00 in the morning, some nine to ten miles from Steffee's farm, traveling in the opposite direction. When he first saw the vehicle, Zubach noticed its similarity to Steffee's tractor, in that they had identical features. Deputy Zuback had not been notified by Steffee that someone would be using the tractor on that day, although Steffee customarily let the deputy know if someone was borrowing his farm equipment.
Recognizing the similarities between Steffee's tractor and the one driven by appellee, including the coat hanger repair to the motor deck, Deputy Zuback stopped the tractor and read appellee his Miranda rights. Appellee told Deputy Zuback that a man by the name of "Leonard" owed him money and that he stole Leonard's tractor. *403 Appellee was arrested and charged with grand theft over $20,000.
Appellee filed a motion to suppress claiming that the officer stopped him for no other reason than the tractor was allegedly similar to Steffee's tractor. Appellee claimed Deputy Zuback could not observe any serial numbers or other identifying characteristics and certainly had no knowledge regarding his possession of the tractor.
At the hearing on appellee's motion to suppress, Deputy Zuback testified to the above facts. On cross-examination, Deputy Zuback admitted he stopped the tractor because he recognized it, he had not spoken with Steffee that day or been informed by him that the tractor had been stolen or loaned to anyone, and he had seen other "similar" tractors on the road in the Loxahatchee or Pahokee area during his travels.
The trial court granted appellee's motion to suppress, finding the facts of Spikes were "nearly identical" to those in this case. The state appeals the order.
In reviewing an order on a motion to suppress, the supreme court has explained:
[A]ppellate courts should continue to accord a presumption of correctness to the trial court's rulings on motions to suppress with regard to the trial court's determination of historical facts, but appellate courts must independently review mixed questions of law and fact that ultimately determine constitutional issues arising in the context of the Fourth and Fifth Amendment and, by extension, article I, section 9 of the Florida Constitution.
Connor v. State, 803 So.2d 598, 608 (Fla. 2001), cert. denied, 535 U.S. 1103, 122 S.Ct. 2308, 152 L.Ed.2d 1063 (2002). "To stop and detain a person for investigation, an officer must have a reasonable suspicion that the person has committed, is committing, or is about to commit a crime." Slydell v. State, 792 So.2d 667, 671 (Fla. 4th DCA 2001) (citing Popple v. State, 626 So.2d 185, 186 (Fla.1993)). See also § 901.151(2), Fla. Stat. (2000). A "`reasonable suspicion' is such suspicion as would `warrant a man of reasonable caution in the belief that [a stop] was appropriate.' "State v. Evans, 692 So.2d 216, 218 (Fla. 4th DCA 1997) (quoting Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). "Whether an officer's suspicion is reasonable is determined by the totality of the circumstances which existed at the time of the stop and is based solely on facts known to the officer before the stop." Slydell, 792 So.2d at 671. These facts are applied and interpreted in light of the officer's knowledge and experience. See State v. Pye, 551 So.2d 1237, 1238 (Fla. 1st DCA 1989).
The trial court determined that "it is undisputed that the Defendant was seen driving a tractor which the investigating officer recognized as belonging to someone other than the defendant." Not only do we accord a presumption of correctness to this finding of historical fact, it is abundantly supported by the record. Although appellee suggests that his "recognition" was a bare suspicion, we disagree. Deputy Zubak had considerable knowledge of this tractor. He accompanied the owner when he purchased it; he used it to cut Steffee's field on a regular basis; and he personally made the make-shift repair to the rear deck lid with the wire hanger. Deputy Zubak could reasonably conclude that the tractor belonged to Steffee. The deputy also had ample suspicion to investigate further. Steffee customarily notified the deputy when someone else was using the tractor, and Deputy Zubak had not been notified that Steffee had loaned it to *404 anyone. Additionally, it was early in the morning, and the tractor was traveling away from the owner's property. The totality of circumstances coupled with the officer's personal knowledge would warrant a person of "reasonable caution" to believe that a stop was appropriate. Evans, 692 So.2d at 218. Indeed, Steffee might have rightfully complained if the deputy had observed what he did and not stopped appellee to prevent the loss of his tractor.
Although the trial court compared this case to Spikes, the facts in Spikes are distinguishable. In Spikes, a deputy observed a vehicle parked by the side of a rural road. See 781 So.2d at 508. When the deputy approached, the four young men in the vehicle indicated they were checking the air pressure in the car's tires, even though none of them had an air pressure gauge. They also gave differing answers as to where they were heading. The officer gave them some directions and proceeded on. As the deputy was leaving, he took down the vehicle tag and ran a check on it. Upon learning the vehicle was registered to a seventy-two year old man but not reported as stolen, the officer turned around, pursued the four men, stopped the vehicle, and discovered drugs. The officer testified his suspicion was aroused only when he discovered the age of the owner and questioned why four young men would be driving a vehicle owned by a seventy-two year old man. See id. at 508-09. The first district held that these facts were insufficient to justify a stop. See id. at 509.
In this case, the trial court compared Spikes to the facts here and said, "[i]n both cases the officers had knowledge that the vehicle in question was being driven by someone other than the owner. Both officers suspected that the vehicle might be stolen. No other grounds existed for an investigatory stop." However, the trial court overlooked one highly significant and important distinction between the cases. The officer in Spikes had no knowledge of the vehicle or its owner. In contrast, Deputy Zuback knew the owner and knew the owner did not loan out the tractor without notifying him. Therefore, Deputy Zuback could reasonably conclude that the tractor had not been loaned out and that a theft was occurring. Spikes does not control the disposition of this case.
Deputy Zuback articulated specific facts and personal knowledge which supported his "reasonable suspicion" that a crime was occurring. Based upon the totality of the circumstances, he operated with far more than a "mere hunch." We therefore reverse the trial court's order granting the motion to suppress and remand for further proceedings.
Reversed and remanded to reinstate information.
STEVENSON and HAZOURI, JJ., concur.