SILBERMAN, Judge.
E.A.B. appeals the disposition order that adjudicates him delinquent for trespass in a conveyance and obstructing or opposing an officer without violence. He argues that the trial court erred in denying his motion for judgment of dismissal[1] because the State did not establish a prima facie case of the charges against him. We agree and reverse.
At trial, the State’s evidence established that the owner of a 1997 red Ford Explorer parked his vehicle in a “park and fly” lot on January 17, 2002. He then took a plane to New England. When he returned on January 27, 2002, the vehicle was missing. He contacted the police and learned that the vehicle had been impounded. In the interim, on January 25, 2002, Police Officers Kevin Doan and J.L. Brown responded to a request for backup concerning a red Ford Explorer that was the subject of a BOLO. There was no evidence as to why a BOLO had been issued, but one officer testified that as of January 25, the vehicle had not been reported as stolen.
The officers saw the Explorer at a gas station and observed E.A.B. pumping gas into it. As the officers pulled up, E.A.B. saw them and jumped into the Explorer. The Explorer then took off at a high rate of speed with E.A.B. in the passenger seat. The officers followed the vehicle into Robles Park, a housing development. At some point, the vehicle stopped and the occupants exited. Although the officers used terms such as “fled out of the vehicle” and “abandoned the vehicle,” their testimony was equivocal as to whether they actually saw anyone exit the vehicle and run away or whether they simply caught up to it and found it empty. The officers impounded the vehicle because they believed it might have been stolen.
The officers again came into contact with E.A.B. on February 26, 2002, when they spotted him riding a bicycle. E.A.B. saw the officers, dropped the bike, and fled on foot. Officer Doan caught up with E.A.B., and E.A.B. resisted by struggling, yelling, cursing, and refusing to bring his arms behind him so that he could be handcuffed.
At trial, the officers testified that on February 26, 2002, they pursued E.A.B. because he was a suspect in other cases involving vehicles that had been taken and because of the events of January 25. However, the officers were unable to state whether, on February 26, they knew if the Explorer had actually been reported as stolen, and they did not articulate any facts regarding purported criminal conduct by E.A.B. concerning other cases.
After the State rested its case, E.A.B. moved for a judgment of dismissal. The *310 trial court denied the motion, noting “the special requirement for a motion for judgment of acquittal [sic]” but without otherwise commenting on the State’s proof.
E.A.B. testified in his defense that he was walking to the store when a friend drove up in the Explorer and offered a ride. He asked about the vehicle, and his friend stated that it was hers. E.A.B. testified that he did not know the vehicle was stolen, and he disputed the officers’ description of events.
At the conclusion of the evidence, the trial court adjudicated E.A.B. delinquent on both charges. E.A.B. argues that the trial court erred in denying the motion for judgment of dismissal because the State failed to establish a prima facie case in support of the charges.
Our review of the trial court’s denial of the motion for judgment of dismissal is de novo. See Pagan v. State, 880 So.2d 792, 803 (Fla.2002); Light v. State, 841 So.2d 623, 625 (Fla. 2d DCA 2003). The evidence must be viewed in the light most favorable to the State, and if a rational trier of fact could find that the elements of the crime have been established beyond a reasonable doubt, sufficient evidence exists to sustain the conviction. Pagan, 830 So.2d at 803. If the State did not present sufficient evidence to establish a prima facie case of the crime charged, then a judgment of dismissal is proper. See Fla. R. Juv. P. 8.110(k); Tillman v. State, 842 So.2d 922, 925 (Fla. 2d DCA 2003).
The record reflects that the State did not present any evidence to establish that E.A.B. knew or should have known that the Explorer had been stolen. See P.W. v. State, 730 So.2d 422, 423 (Fla. 5th DCA 1999) (reversing adjudication of delinquency for trespass in an occupied conveyance because the State only proved the vehicle had been stolen, the defendant was a passenger in the vehicle, and there was no evidence the defendant knew or should have known the vehicle was stolen); J.D. v. State, 604 So.2d 936, 937 (Fla. 3d DCA 1992) (concluding that the defendant’s entry into a vehicle with visible damage to the ignition, radio, and speakers, and his lending of his keys to the driver to put in the ignition so that the stolen character of the vehicle might be concealed was sufficient to support a finding that he was guilty of trespass to a conveyance).
The fact that E.A.B. put gas into and was a passenger in the Explorer is not evidence of knowledge that the Explorer had been stolen. Additionally, in R.M. v. State, 763 So.2d 1060, 1062 (Fla. 4th DCA 1999), the court concluded that the defendant’s flight upon the officer’s approach, standing alone, was insufficient to prove the defendant’s knowledge that the vehicle had been stolen. The evidence here was not inconsistent with E.A.B.’s claim that he was simply an unknowing passenger; thus, it cannot support the adjudication for trespass in a conveyance.
While the trial court based its adjudication on the fact that it found E.A.B.’s explanation for being in the vehicle to be unbelievable, E.A.B.’s testimony was not before the trial court at the time of the motion for judgment of dismissal and cannot satisfy the State’s burden of proof. See Fla. R. Juv. P. 8.110(k). Accordingly, the adjudication with respect to the charge for trespass in a conveyance must be reversed.
Turning to the charge of obstructing or opposing an officer without violence, the State had to establish that on February 26 the officers were engaged in the lawful execution of a legal duty and E.A.B.’s actions amounted to obstruction or resistance of that lawful duty. See § 843.02, Fla. Stat. (2001); Mosley v. State, 739 So.2d 672, 675 (Fla. 4th DCA *311 1999). The element of lawful execution of a legal duty is satisfied if an officer has either a founded suspicion to stop the person or probable cause to make a warrant-less arrest. See I.Y.D. v. State, 711 So.2d 202, 203 (Fla. 2d DCA 1998); Mosley, 739 So.2d at 675. To prove obstruction of an officer without violence, the State must establish that the defendant fled from the officer with knowledge of the officer’s intent to detain him and that the officer was justified in making the detention based on a founded suspicion that the defendant was engaged in criminal activity. D.M. v. State, 681 So.2d 797, 798 (Fla. 2d DCA 1996); F.E.C. v. State, 559 So.2d 413, 414 (Fla. 2d DCA 1990).
The trial court found that the officers had a reasonable suspicion to stop E.A.B. on February 26 because they had, a month before, seen E.A.B. in a vehicle that the officers impounded as possibly stolen, and the court also found that the officers subsequently learned that the vehicle had, in fact, been stolen. However, these findings are not supported by the evidence that was presented at trial.
During their testimony, the officers did not articulate a well-founded suspicion that E.A.B. had committed, was committing, or was about to commit a crime, in order to justify the stop on February 26. See Popple v. State, 626 So.2d 185, 186 (Fla.1993). When the officers approached the Explorer on January 25 and saw E.A.B. pumping gas and riding in the Explorer, they did not know that the Explorer had been stolen. Additionally, the State did not establish why a BOLO had been issued as to the Explorer.
The record also does not establish when the Explorer was reported as stolen. The testimony indicated that when the owner could not find his car and called the police, he learned the vehicle had been impounded. When the officers saw E.A.B. on February 26, they remembered the incident at the gas station from the month before; however, when one of the officers was asked if the Explorer had been reported as stolen, he acknowledged that he was unsure whether he and the other officer were aware of such a report. The record supports a conclusion that while the officers may have had a hunch or some suspicion that the Explorer had been stolen, at the time of E.A.B.’s arrest they did not have a legal basis to justify a stop. See Spikes v. State, 781 So.2d 508, 509 (Fla. 1st DCA 2001) (concluding that officer did not have well-founded suspicion to justify stop of vehicle that had not been reported stolen but had only had a subjective hunch or mere suspicion that the vehicle was stolen); Turner v. State, 552 So.2d 1181, 1182 (Fla. 4th DCA 1989) (stating that officer’s hunch that vehicle might be stolen was not a well-founded suspicion of criminal activity justifying the stop).
Additionally, although the officers testified that they chased E.A.B. on February 26 to talk with him about other vehicle thefts, they did not testify as to why they believed E.A.B. might be a suspect in other thefts. The testimony simply did not establish the officers’ well-founded, articu-lable suspicion of criminal activity. See Miranda v. State, 816 So.2d 132, 135 (Fla. 4th DCA 2002). Moreover, E.A.B.’s flight from the officers on both occasions was insufficient to establish that E.A.B. was involved in criminal activity, and there was no evidence that E.A.B. fled with knowledge that the officers intended to detain him. See D.M. 681 So.2d at 798; S.G.K. v. State, 657 So.2d 1246, 1247-48 (Fla. 1st DCA 1995). Accordingly, the State’s evidence was insufficient to constitute obstructing an officer.
*312 Because the State did not establish that E.A.B. knew the Explorer had been stolen or that the officers were engaged in the lawful execution of a legal duty when they pursued and apprehended him, we reverse the disposition order and remand for entry of an order granting E.A.B.’s motion for judgment of dismissal.
Reversed and remanded.
CASANUEVA and CANADY, JJ„ Concur.

. In their briefs, the parties referred to the motion as a motion for a judgment of acquittal. The Florida Rules of Juvenile Procedure do not provide for a motion for judgment of acquittal. However, rule 8.110(k) permits a juvenile to move for a judgment of dismissal at the close of the petitioner’s evidence if the evidence is insufficient to establish a prima facie case of guilt. Fla. R. Juv. P. 8.110(f), (k); see also R.M. v. State, 763 So.2d 1060, 1061 (Fla. 4th DCA 1999).