FERNANDEZ, J.
D.L., a juvenile, appeals the trial court’s order denying his motion for judgment of dismissal and conviction for trespass. We reverse because the State’s evidence was insufficient to support an adjudication for trespass.
The State charged D.L. with multiple counts related to the theft of an automobile. On November 27, 2012, Miami-Dade Police identified the location of a stolen Volkswagen Jetta and set up surveillance in the surrounding area. Officer Mario Del Los Santos testified that he observed four individuals enter the vehicle. As Officer Del Los Santos approached the vehicle from the rear with his police cruiser, the driver of the Jetta put the vehicle in reverse and collided with the police cruiser. Officer Del Los Santos then saw D.L. exit the driver’s side of the vehicle and run past his police cruiser.
Officer Danny Fals testified that he saw D.L. drive the Jetta, and that after the crash, D.L. exited the vehicle and fled. Officer Fals also testified that he may have told the fellow officer who compiled the report that D.L. sat in the rear behind the driver’s seat. He explained, alternatively, that he might have stated that D.L. was the driver, but that the officer who wrote the report may have mixed up the facts.
The State introduced evidence of damage to the interior of the Jetta. Officer Kevin Williams testified that the keyhole in the ignition was “punched,” meaning that someone tampered with the ignition as a means of starting the vehicle without its key. The keyhole was enlarged to approximately twice the size of a normal keyhole. Daniel Gonzalez testified that when the police returned his vehicle to him, he observed that the original seat covers were missing and some of the upholstery was damaged.
The defense moved for judgment of dismissal on all counts arguing that the State failed to prove D.L. was the driver, and that D.L. lacked knowledge of the vehicle’s stolen nature. The State argued there was consciousness of guilt because of D.L.’s flight, the damaged upholstery and the punched ignition. The trial court granted the motion in part, dismissing two counts of criminal mischief, stating “I have no idea who broke the upholstery or the steering column.” The trial continued as to the other counts.
Defense witness Acel Franco testified that he was also a passenger in the Jetta on the night of November 27, 2012. He stated that D.L. sat next to him in the backseat behind the driver. Franco said he was aware the vehicle was stolen from a conversation he had with the driver named Franklin. D.L. was not present during that conversation.
The trial court ultimately found D.L. not guilty on all counts associated with being the driver, namely: aggravated battery, aggravated assault, burglary and fleeing *501 and eluding. The trial court nevertheless found D.L. guilty of trespass, stating that “his flight convinces me that he had knowledge of the stolen nature of this vehicle, and that his entry into the vehicle would be trespass.” D.L. argues on appeal that the trial court erred when it denied his motion for judgment of dismissal and found him guilty of trespass because the State failed to prove that he knew the vehicle was stolen.
We review the trial court’s denial of D.L.’s motion for judgment of dismissal de novo. L.J. v. State, 971 So.2d 942, 943 (Fla. 3d DCA 2007). We view the evidence and all reasonable inferences in a light most favorable to the State. J.W.J. v. State, 994 So.2d 1223, 1224 (Fla. 1st DCA 2008). So long as competent, substantial evidence supports the verdict, the denial of a motion for judgment of dismissal will not be reversed on appeal. Id. at 1225.
We disagree with the State that D.L.’s conviction for trespass was supported by competent, substantial evidence. Section 810.08(1), Fla. Stat. (2012), provides: “Whoever, without being authorized, licensed, or invited, willfully enters or remains in any structure or conveyance ... commits the offense of trespass in a structure or conveyance.” Where, as here, the trespass involves a stolen vehicle, the State is required to prove the defendant’s knowledge of the vehicle’s stolen nature. E.A.B. v. State, 851 So.2d 308, 310 (Fla. 2d DCA 2003); J.D. v. State, 604 So.2d 936, 937 (Fla. 3d DCA 1992)(upholding a conviction for trespass when the trial court was entitled to believe based on the evidence that the defendant had knowledge the vehicle was stolen and willfully entered the vehicle with that knowledge).
The State failed to present any evidence to establish that D.L. knew or should have known that the vehicle was stolen. Furthermore, it is unclear whether D.L. was the driver or a backseat passenger due to Officer Fals’ conflicting testimony, and although the State presented additional evidence of the punched ignition, the State did not present evidence that one could see the ignition from the backseat. Moreover, the trial court, as trier of fact, made a specific finding that D.L. was not the driver.
While evidence of flight is admissible and relevant to demonstrate a defendant’s consciousness of guilt, see Escobar v. State, 699 So.2d 988, 995 (Fla.1997), flight, standing alone, is insufficient to warrant a verdict of guilty. R.M. v. State, 763 So.2d 1060, 1062 (Fla. 4th DCA 1999). Thus, D.L.’s conviction was not supported by competent, substantial evidence sufficient to support an adjudication for trespass.
Accordingly, the trial court erred when it denied D.L’s motion for judgment of dismissal, and we reverse D.L.’s conviction for trespass.