DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**A.H.,** a Child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-637

[November 5, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Orlando, Judge; L.T. Case No. 12006278DL00B.

Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, C.J.

A.H., a minor, appeals a juvenile disposition order adjudicating him delinquent for trespass of a conveyance and sentencing him to community service. A.H. argues that the trial court erroneously denied his motion for judgment of dismissal because the state failed to introduce sufficient evidence establishing a prima facie case of trespass of a conveyance. We agree and reverse.

By way of background, A.H. was charged with grand theft auto and resisting arrest without violence after A.H., who was riding as a passenger in a stolen vehicle, allegedly fled when police pulled over the vehicle. The matter proceeded to a bench trial where the state announced that it would proceed on the lesser included count of trespass of a conveyance rather than grand theft. The state presented the following evidence at trial.

A.H.'s co-defendant, also a passenger in the vehicle, testified that the driver of the vehicle told him that the vehicle was a rental. He also testified that he did not notice any signs of theft-type damage to the vehicle (e.g.,

damage to the vehicle's ignition column or locks/windows), which was corroborated by photos of the vehicle at the time it was recovered.

The officer who arrested A.H.'s co-defendant testified that on the date of the incident, he encountered the vehicle, ran its tag, and confirmed that it was reported stolen. As he and his partner approached the vehicle, its occupants jumped out and began to run. He observed A.H. fleeing after his partner commanded A.H. to stop.

After the state rested, A.H. moved for a judgment of dismissal, arguing that the state failed to submit any evidence that A.H. knew or should have known the vehicle was stolen. The court denied A.H.'s motion.

A.H. testified in his own defense. He maintained that he did not flee and complied with the officer's commands. A.H. also maintained that he did not know the car was stolen as the driver told him it was his girlfriend's car.

Following his testimony, A.H. renewed his motion for judgment of dismissal, which the trial court again denied. A.H. was adjudicated delinquent on the trespass of a conveyance charge, but acquitted of the resisting charge. In rendering its decision, the trial court reasoned that "the facts of the case were as such that . . . he should have known the car was stolen." This appeal now follows.

"Our review of the trial court's denial of the motion for judgment of dismissal is de novo." *E.A.B. v. State*, 851 So. 2d 308, 310 (Fla. 2d DCA 2003). "The evidence must be viewed in the light most favorable to the State, and if a rational trier of fact could find that the elements of the crime have been established beyond a reasonable doubt, sufficient evidence exists to sustain the conviction." *Id.* "If the State did not present sufficient evidence to establish a prima facie case of the crime charged, then a judgment of dismissal is proper." *Id.*

To support A.H.'s conviction for trespass of a conveyance, the state had to prove that A.H. "willfully entered or remained in a conveyance without being authorized, licensed or invited by the owner or a person authorized to give permission." *R.M. v. State*, 763 So. 2d 1060, 1061 (Fla. 4th DCA 1999); *see also* § 810.08, Fla. Stat. (2012). In the context of an alleged trespasser riding as a passenger in a stolen vehicle, the "willful" element requires the state to establish that the passenger knew or should have known that the vehicle was stolen. *R.M.*, 763 So. 2d at 1062; *E.A.B.*, 851 So. 2d at 310. Evidence that a passenger in a stolen vehicle fled upon

interaction with law enforcement, standing alone, is not enough to meet this burden. *R.M.,* 763 So. 2d at 1062; *E.A.B.,* 851 So. 2d at 310.

The Second District's decision in *E.A.B.* is instructive. There, the court reversed a minor's adjudication for trespass of a conveyance for riding as a passenger in a stolen vehicle. 851 So. 2d at 310. Although the minor fled from law enforcement when it attempted to stop the vehicle, the minor testified that he did not know the vehicle was stolen as the person driving the car told the minor it was his car. *Id.* Absent any other evidence regarding the minor's knowledge that the vehicle was stolen, the court reversed. *Id.*

Here, there simply was no evidence tending to establish that A.H. knew or should have known the subject vehicle was stolen other than the fact that he fled when approached by law enforcement. There was no physical damage to the car indicating that it was stolen. *See P.W. v. State,* 730 So. 2d 422, 423 (Fla. 5th DCA 1999) (evidence not sufficient to establish minor who was passenger in stolen car had knowledge car was stolen where minor claimed he did not know and there was no damage to the car's ignition, stereo, or windows). Additionally, A.H. testified that he did not know the car was stolen, and so did his co-defendant. In sum, the only evidence tending to establish that A.H. knew the car was stolen was the officer's testimony that A.H. fled after being commanded to stop. While evidence of A.H.'s flight was admissible and relevant to establish guilt, this evidence alone was insufficient to establish the required element of the charge – that A.H. knew the vehicle was stolen. *E.A.B.,* 851 So. 2d at 310.

*Reversed.*

CIKLIN and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***