NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

A.L.H., )
　 )
　　　　　Appellant, )
　 )
v. ) Case No.  2D15-3404
　 )
STATE OF FLORIDA, )
　 )
　　　　　Appellee. )
　 )
_____ )

Opinion filed September 16, 2016.

Appeal from the Circuit Court for Pinellas
County; Sherwood Coleman, Judge.

Howard L. Dimmig, II, Public Defender, and
Robert D. Rosen, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Gillian N. Leytham,
Assistant Attorney General, Tampa, for
Appellee.


LaROSE, Judge.

　　　　　A.L.H. appeals a disposition order that withheld adjudication and placed

him on probation until his eighteenth birthday for trespass of a structure or conveyance.

See § 810.08, Fla. Stat. (2014).  We have jurisdiction, Fla. R. App. P. 9.140(b)(1)(B),

and affirm.

A.L.H. was a passenger in a car determined to be stolen in Belleair, Florida. The vehicle was later recovered in Gulfport, Florida. Fingerprint evidence connected A.L.H. to the vehicle. A Belleair police officer interviewed A.L.H., who admitted that he might have been in the car, but he did not remember. The officer showed A.L.H. pictures of the car and a Gulfport police report.[1] He also told A.L.H. that his fingerprints were found on a car window. A.L.H. then admitted that he entered the car through the window, but claimed that he did not know the car was stolen. The officer testified that he did not tell A.L.H. that the car was stolen.

After the State presented its evidence at the adjudicatory hearing, A.L.H. moved for a judgment of dismissal, arguing that the State failed to present evidence to prove the elements of trespass. Specifically, A.L.H. claimed that the State failed to prove that he knew or should have known that the car was stolen. The trial court denied A.L.H.'s motion. The trial court reasoned that "[t]he circumstances presented to the Court, perhaps most tellingly, [A.L.H.'s] own implicatory statement indicate to the Court that beyond a reasonable doubt he is guilty of this offense."

On appeal, A.L.H. contends that the State proved only that A.L.H. had been inside the car, but not that he knew the car was stolen.

We review de novo the trial court's denial of a motion for judgment of dismissal. E.A.B. v. State, 851 So. 2d 308, 310 (Fla. 2d DCA 2003). "The evidence must be viewed in the light most favorable to the State, and if a rational trier of fact could find that the elements of the crime have been established beyond a reasonable doubt, sufficient evidence exists to sustain the conviction." Id.

---

[1]The police report is not in our record.

- 2 -

To establish the delinquent act of trespass of a conveyance, the State had to prove that A.L.H. "willfully entered or remained in a conveyance without being authorized, licensed or invited by the owner or a person authorized to give permission." A.H. v. State, 151 So. 3d 48, 50 (Fla. 4th DCA 2014) (quoting R.M. v. State, 763 So. 2d 1060, 1061 (Fla. 4th DCA 1999); see also § 810.08(1). In this context, the "willful" element requires the State to establish that A.L.H. knew or should have known that the vehicle was stolen. See A.H., 151 So. 3d at 50.

A.L.H.'s spontaneous and apparently unprompted admission that he did not know that the car was stolen could reasonably be construed as demonstrating his knowledge that the vehicle was stolen because it was made before the officer informed him that the car was stolen. See, e.g., State v. Kirkwood, 747 S.E.2d 730, 735 (N.C. Ct. App. 2013) ("[D]uring his police interview, defendant Kirkwood demonstrated knowledge of the shooting beyond what an uninvolved person would know by denying being in the part of town in which the shooting occurred before the interviewer ever told him where the shooting occurred."). On that basis, we must conclude, based on the record before us, that the State presented prima facie evidence as to the "willful" element of trespass.

We feel compelled to observe, however, that the officer testified that he showed A.L.H. the Gulfport police report, together with pictures of the car, before A.L.H. asserted that he did not know the car was stolen. Conceivably, A.L.H. could have gleaned from the report that the car was stolen, thus prompting his comment that he did not know.

Unfortunately for A.L.H., the police report is not in our record and we must eschew speculation as to what the report said and whether A.L.H. studied it. We are

- 3 -

bound by the record and arguments made in the trial court.  See <u>Lynx Transp. v.</u> <u>Atkinson</u>, 720 So. 2d 600, 601 (Fla. 4th DCA 1998).  Based on what is before us, we are compelled to affirm the rulings of the trial court.

Affirmed.


SLEET and BADALAMENTI, JJ., Concur.