# Third District Court of Appeal

## State of Florida

Opinion filed March 7, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1368
Lower Tribunal No. 16-3106B

_____

**I.B., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jill D. Kramer, Assistant Attorney General, for appellee.

Before EMAS, SCALES and LUCK, JJ.

EMAS, J.

I.B. was charged with the offense of resisting an officer without violence. At the adjudicatory hearing, following the State's presentation of its case, I.B. moved for judgment of dismissal, contending that the police officer had no founded suspicion to detain I.B. and that, therefore, the State had failed to establish an element of the offense. The trial court denied the motion and, following the conclusion of the hearing, found I.B. delinquent of the charged offense.

We affirm the trial court's denial of the judgment of dismissal and affirm the order finding I.B. delinquent of the offense of resisting an officer without violence. We review *de novo* the trial court's denial of a judgment of dismissal, D.L. v. State, 138 So. 3d 499 (Fla. 3d DCA 2014), and consider the evidence presented, and the reasonable inferences therefrom, in a light most favorable to the State, to determine whether substantial competent evidence supports the trial court's determinations. K.S.H. v. State, 56 So. 3d 122 (Fla. 3d DCA 2011).

In order to sustain a charge of resisting an officer without violence, the State must prove that the officer was engaged in the lawful execution of a legal duty and that the defendant's actions obstructed, resisted or opposed the officer in the performance of that duty. O.B. v. State, 36 So. 3d 784 (Fla. 3d DCA 2010); Fla. Std. J. Inst. (Crim.) 21.2 (2016) (providing that the State must prove, *inter alia*, the officer "was engaged in the execution of legal process" or "lawful execution of a legal duty"). Importantly, the "element of a lawful execution of a legal duty is

2

satisfied if an officer has either a founded suspicion to stop the person or probable cause to make a warrantless arrest. Otherwise, the individual has a right to ignore the police and go about his business." J.W. v. State, 95 So. 3d 372, 378 (Fla. 3d DCA 2012) (additional citations omitted). Stated another way, if the officer does not have a founded suspicion to stop an individual, that individual does not commit the offense of resisting an officer without violence by simply walking away from the officer or by ignoring his command to stop.

Having reviewed the record in the instant case, we conclude that the State presented competent substantial evidence to support the trial court's determination that the police officer had a founded suspicion that I.B. had engaged in, was engaging in, or was about to engage in criminal activity, either directly (possessing marijuana) or as a principal (by acting as a lookout for others who were about to engage in vandalism by marking city-owned property with graffiti). Under these circumstances, and considering the observations made by the officer, the trial court properly determined there was founded suspicion to temporarily detain I.B. and, in resisting the officer's valid attempt to do so, I.B. committed the delinquent act of resisting an officer without violence.

Affirmed.