NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

T.A.K.,                                           )
                                                  )
              Appellant,                          )
                                                  )
v.                                                )        Case No.  2D17-3378
                                                  )
STATE OF FLORIDA,                                 )
                                                  )
              Appellee.                           )
_____)

Opinion filed November 9, 2018.

Appeal from the Circuit Court for
Hillsborough County; Barbara Twine-
Thomas, Judge.

Howard L. Dimmig, II, Public Defender,
and Alisa Smith, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa,
for Appellee.


SILBERMAN, Judge.

              T.A.K. appeals a disposition order withholding adjudication of delinquency

for the offense of trespass in an unoccupied conveyance and placing him on juvenile

probation.  Because the State failed to prove that T.A.K. knew or should have known

that the car the police found him in was stolen, we reverse the disposition order and remand for an order of dismissal.

The State presented the following evidence. The owner of the stolen vehicle woke up to find her car missing. The victim did not give T.A.K. or anyone else permission to be in her car.

The car was tracked to an apartment building by use of the car's OnStar system and was found backed into a parking space. When Officer Stanek initially approached the car, she saw one male who was reclining in the driver's seat, but she could not identify the person. She used the victim's extra key to lock the car doors before approaching the car. No one entered or left the car while she and Officer Damon were observing it. While she did see movement in the vehicle, when the officers made contact no one was in the driver's seat.

Officer Stanek approached the passenger side, found L.R. in the front passenger seat, and ordered him out of the car at gunpoint. Officer Damon opened the driver's door and saw T.A.K. lying on the floor "squished" down "[i]n between the two back seats." When Officer Damon opened the door, T.A.K. was awake and was looking at the officer. He was cooperative. The keys were found in the center console next to L.R., and the car had no damage that would indicate it had been stolen.

T.A.K. moved for a judgment of dismissal at the end of the State's case and argued that the State had failed to prove that he knew or should have known the car was stolen. The trial court stated that the officers saw "movement within the vehicle but no one exited" and that "the position that [T.A.K.] was found to be laying in awake is not one the court customarily finds people position themselves in the vehicle when

using it in an appropriate way." The trial court further found "that the positioning in the car, laying in the car, parked in an area, all of these things are unconventional, unusual ways of using the vehicle if in fact using it a lawful way." The court denied the motion.

Our review of the denial of a motion for judgment of dismissal is de novo, and we consider the evidence in the light most favorable to the State. A.L.H. v. State, 205 So. 3d 782, 783 (Fla. 2d DCA 2016). A judgment of dismissal is proper if the State fails to present sufficient evidence to establish a prima facie case. Fla. R. Juv. P. 8.110(k); E.A.B. v. State, 851 So. 2d 308, 310 (Fla. 2d DCA 2003). Sufficient evidence to support an adjudication exists when "a rational trier of fact could find that the elements of the crime have been established beyond a reasonable doubt." K.W. v. State, 983 So. 2d 713, 715 (Fla. 2d DCA 2008) (quoting E.A.B., 851 So. 2d at 310). In reviewing the denial of a motion for judgment of dismissal at the end of the State's case, we recognize that a juvenile's testimony given later during the defense case is not before the trial court "and cannot satisfy the State's burden of proof." E.A.B., 851 So. 2d at 310 (citing Fla. R. Juv. P. 8.110(k)).

The delinquent act of trespass of a conveyance requires that the trespass be willful. See § 810.08(1), Fla. Stat. (2016); A.L.H., 205 So. 3d at 783. When the conveyance is a stolen vehicle, for the trespass to be willful the State must prove that a passenger in the vehicle knew or should have known that the vehicle was stolen. A.L.H., 205 So. 3d at 783; A.H. v. State, 151 So. 3d 48, 50 (Fla. 4th DCA 2014). Evidence that a person who was in a stolen vehicle fled from law enforcement is, by itself, insufficient to prove the knowledge element. E.A.B., 851 So. 2d at 310; A.H., 151 So. 3d at 50; D.L. v. State, 138 So. 3d 499, 501 (Fla. 3d DCA 2014).

Here, the keys to the car were found in the center console next to L.R., and the car had no damage indicating that it had been stolen. Taken in the light most favorable to the State, a reasonable interpretation of T.A.K.'s position in the car when he was found is that he was hiding. For the purpose of analyzing whether an individual has knowledge of whether a vehicle is stolen, we cannot make a meaningful distinction between fleeing from a stolen vehicle and hiding in the back seat of a stolen vehicle. Had T.A.K. left the back seat and fled upon the officers' approach, that evidence would be insufficient to prove that he knew or should have known that the car was stolen. Of course, just as there are many reasons why a juvenile might flee from law enforcement, those reasons would apply to hiding as well. If fleeing is insufficient to establish the knowledge element, then so too is hiding.

Because the State failed to present sufficient evidence that T.A.K. knew or should have known the car was stolen, the trial court should have granted the motion for judgment of dismissal. See Fla. R. Juv. P. 8.110(k). Therefore, we reverse the disposition order withholding adjudication and placing T.A.K. on juvenile probation and remand for an order granting his motion for judgment of dismissal.

Reversed and remanded.


KELLY and ROTHSTEIN-YOUAKIM, JJ., Concur.