# Third District Court of Appeal

## State of Florida

Opinion filed December 23, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-854
Lower Tribunal No. 19-2364B
_____

**A.O.H., juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Orlando A. Prescott, Judge.

Carlos J. Martinez, Public Defender, and James A. Odell, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before FERNANDEZ, LOGUE, and HENDON, JJ.

HENDON, J.

A.O.H., a juvenile, appeals from the trial court's order adjudicating him delinquent for the offense of trespass in a conveyance and from the order entering a disposition. Because the State failed to present sufficient evidence that A.O.H. knew that the vehicle was stolen, we reverse the adjudication of delinquency and remand for entry of a judgment of dismissal as to the offense of trespass in a conveyance.

The State filed a petition for delinquency charging A.O.H. with one count of grand theft of a vehicle (Count I) and one count of burglary of an unoccupied conveyance (Count II). At the adjudicatory hearing, Officer Gutierrez, Officer Rodriguez, and the owner of the vehicle testified on behalf of the State. Their testimony reflects as follows.

On December 16, 2019, the victim went to visit a friend. He left his 2018 black Toyota Tundra running with the keys inside with the doors closed. After three or four minutes, his daughter realized that his vehicle had been stolen from the front of his friend's home. The police were called and given a description of the vehicle, along with the Texas license plate number.

Officer Gutierrez got on duty at 3:00 p.m., and he received a BOLO for a stolen black Toyota Tundra with a specific tag number. The BOLO also included a description of two black juveniles, one wearing a red hoodie with dark colored shorts and the other wearing a dark colored sweater with dark colored shorts. Approximately thirty minutes into his shift, Officer Gutierrez encountered A.O.H.

2

and N. standing on the side of a road about a half mile from where the Tundra was stolen. The juveniles matched the description in the BOLO.[1]

When patting N. down for weapons, Officer Gutierrez discovered keys in N.'s pocket and asked if the keys were to the "truck." Both juveniles pointed in the direction where the truck could be located. Officer Gutierrez located the Tundra approximately half a mile to a mile from where the juveniles were encountered. The keys retrieved from N.'s pocket unlocked a black Tundra, which matched the plate numbers on the BOLO. The victim came to the scene and identified the retrieved Tundra as his stolen Tundra and informed the police that his cellphone and his wife's keys were missing and that the rearview mirror had been removed. Officer Rodriguez also responded to the location where the stolen vehicle was located.

Both juveniles were transported to the police station, separated, and read their Miranda[2] rights. Officer Gutierrez testified that, post-Miranda, A.O.H. told him that "N. drove the truck and he [A.O.H.] hopped in the truck with him." Further, Officer Rodriguez testified that "[p]ost-Miranda [A.O.H.] stated that he was not the driver of the vehicle, that he did go inside of it. And that's all that he was – all he

---

[1] During the State's closing, the trial court inquired as to where the BOLO description came from. The State informed the trial court that the description came from a surveillance video, which was not introduced into evidence. During the adjudicatory hearing, there was absolutely no testimony as to the video.

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

did was go inside the vehicle with the other subject, but that he was not the driver."

After the State rested, the defense moved for judgment of dismissal as to both counts, arguing that the State presented insufficient evidence to establish that A.O.H. had any knowledge at any point that the Tundra was stolen; A.O.H.'s statements only indicate that he got in the car; and there was no evidence presented as to what N. told A.O.H. In response, the State argued, among other things, that A.O.H. was not an "after-acquired passenger," and that A.O.H. got into the vehicle at the same time that N. got in, and then N. drove away with A.O.H. in the vehicle. The State also noted that the BOLO was for two, not one, juveniles, and that A.O.H. and N. matched the description.

The trial court stated that there was "no indication [in the testimony] as to when [A.O.H.] jumped into the truck with [N.]." Further, "[t]here was no indication that [N.] jumped into the truck when the truck was idling and [A.O.H.] saw it. Nothing." Following the State's argument, the trial court granted the judgment of dismissal as to the grand theft charge (Count I) and reduced the burglary of an unoccupied conveyance charge (Count II) to trespass in a conveyance, noting that "in the light most favorable to the State, I have presence and nothing more."

Thereafter, the defense moved for a judgment of dismissal as to trespass in a conveyance, arguing there was "insufficient evidence to establish that [A.O.H.] at any point in time knew that the car was stolen." The trial court denied A.O.H.'s

4

second judgment of dismissal. Thereafter, the trial court adjudicated A.O.H. delinquent as to one count of trespass in a conveyance and entered a disposition. A.O.H.'s appeal followed.

A.O.H. argues that the trial court erred by denying his motion for judgment of dismissal as to trespass in a conveyance where the State failed to present any evidence that A.O.H. knew the vehicle was stolen. We agree.

This court reviews the denial of A.O.H.'s motion for judgment of dismissal de novo. See B.B. v. State, 45 Fla. L. Weekly D1681, *2 (Fla. 3d DCA July 15, 2020) ("A trial court's ruling denying a motion for judgment of dismissal in a juvenile case is reviewed de novo."). If there was competent, substantial evidence to support the trial court's determination that A.O.H. committed the offense of trespass in a conveyance, we must affirm the denial of his motion for judgment of dismissal. See D.L. v. State, 138 So. 3d 499, 501 (Fla. 3d DCA 2014).

As the trespass involved a stolen vehicle, the State was required to prove A.O.H.'s "knowledge of the vehicle's stolen nature." Id. Here, the State failed to present any evidence that A.O.H. was in the vehicle with knowledge that the vehicle was stolen. Officer Gutierrez's and Officer Rodriguez's testimony as to A.O.H.'s post-Miranda statements do not reflect that A.O.H. had knowledge that the vehicle was stolen. Officer Gutierrez's testimony merely reflects that A.O.H. "hopped" into the vehicle that N. was driving. Further, Officer Rodriguez's testimony reflects that

5

A.O.H. "went inside of the vehicle with" N. There was no evidence presented as to when A.O.H. entered the vehicle or that he had knowledge that the vehicle was stolen. Contrary to the State's argument, the testimony does not reflect that A.O.H. and N. contemporaneously entered the vehicle, which was idling with the keys inside in front of a house where neither juvenile lived.

Further, the evidence reflects that the vehicle was not damaged in such a manner that would have reasonably put A.O.H. on notice that the vehicle was stolen as the only additional damage to the inside or outside of the vehicle that was not present at the time of theft was that the rearview mirror had been removed. See D.L., 138 So. 3d at 501 (reversing trespass adjudication where there was conflicting evidence as to whether D.L. was the backseat passenger or driver of the vehicle, and if he was the backseat passenger, he could not have seen the punched ignition, and where D.L.'s flight did not support evidence of knowledge that the vehicle was stolen).

In arguing that the trial court did not err by denying A.O.H.'s motion for dismissal, the State relies on the BOLO, which was for two black juveniles wearing certain clothing, and that A.O.H. and N. were later seen together and matched the description in the BOLO. The State's argument lacks merit as it does not show that A.O.H. had knowledge of the vehicle's stolen nature. During the adjudicatory hearing, no evidence was introduced as to where the BOLO description of the two

juveniles came from. For example, were the two juveniles described in the BOLO actually seen entering the stolen vehicle or were two juveniles described in the BOLO merely seen walking together at some point prior to or after the theft of the vehicle? Thus, in the instant case, the BOLO itself was insufficient to establish that A.O.H. and N. were together when the vehicle was stolen or that A.O.H. had knowledge of the stolen nature of the vehicle.

Accordingly, we reverse the adjudication of delinquency and remand for entry of a judgment of dismissal as to the offense of trespass in a conveyance.

Reversed and remanded.