# Third District Court of Appeal

## State of Florida

Opinion filed July 24, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0106
Lower Tribunal No. F20-14475B
_____

**Kendric Demarcus McNeill,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Eugene F. Zenobi, Regional Counsel, and Kristen Kawass, Assistant Regional Counsel, for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before LOGUE, C.J., and SCALES, and MILLER, JJ.

PER CURIAM.

Affirmed.   See § 843.02, Fla. Stat. (2020) ("Whoever shall resist, obstruct, or oppose any officer . . . in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree . . . ."); see also E.A.B. v. State, 851 So. 2d 308, 311 (Fla. 2d DCA 2003) ("The element of lawful execution of a legal duty is satisfied if an officer has either a founded suspicion to stop the person or probable cause to make a warrantless arrest."); Slydell v. State, 792 So. 2d 667, 671 (Fla. 4th DCA 2001) ("Whether an officer's suspicion is reasonable is determined by the totality of the circumstances which existed at the time of the stop and is based solely on facts known to the officer before the stop."); Grant v. State, 718 So. 2d 238, 239 (Fla. 2d DCA 1998) ("Factors that may be considered include: the time of day[,] the appearance and behavior of the suspect[,] . . . and anything incongruous or unusual in the situation as interpreted in light of the officer's knowledge."); J.A.R. v. State, 331 So. 3d 220, 224 (Fla. 2d DCA 2020), quashed on other grounds, 318 So. 3d 1256 (Fla. 2021) (affirming adjudication of delinquency for offense of resisting officer without violence where defendant ignored clear command to stop).