PER CURIAM.
Appellant Willie Rochell appeals the trial court’s order revoking his probation due to his arrest for possession of cocaine and failure to pay his financial obligations. Because we find there was no reasonable suspicion for the police officer to stop Appellant for trespass, and because his payment violations were not willful, we reverse.
When applying the reasonable suspicion standard to potential trespassers, it must be “more than mere presence on property.” Williams v. State, 910 So.2d 368, 371 (Fla. 5th DCA 2005). Such a suspicion cannot be based upon a mere hunch or guess. Tamer v. State, 484 So.2d 583 (Fla.1986). In this case, the undercover officer observed two men sitting in a truck for 10 to 15 minutes during the day; the men never left the truck, and no one approached them or interacted with them in any way. Based on these facts, no reasonable suspicion existed to justify a stop, and all evidence seized as a result of the stop should have been suppressed.
*587 As to Appellant’s violation of probation for failing to meet financial obligations, we do not find that Appellant’s failure to pay was willful and substantial, as required by Meade v. State, 799 So.2d 430, 432 (Fla. 1st DCA 2001). “Where a probationer makes reasonable efforts to comply with a condition of probation, violation of the condition cannot be deemed ‘willful.’ ” Van Wagner v. State, 677 So.2d 314, 317 (Fla. 1st DCA 1996) (citing Thorpe v. State, 642 So.2d 629 (Fla. 1st DCA 1994)). There is no indication in the record before us that a court-ordered payment schedule was created before Appellant met with his probation officer. After that meeting, Appellant made a partial payment before the due date and made reasonable efforts to satisfy his probation officer’s requests.
We have considered the State’s request to certify a question asking the Florida Supreme Court to determine whether the exclusionary rule must be applied in violation of probation hearings. We decline, as this question is settled in Florida, see State v. Scarlet, 800 So.2d 220 (Fla.2001), cert. denied, 535 U.S. 922, 122 S.Ct. 1217, 152 L.Ed.2d 164 (2002), and the United States Supreme Court has not issued a decision that directly prohibits application of the exclusionary rule in such hearings under the Fourth Amendment to the United States Constitution.
For the above reasons, we reverse the trial court’s revocation of Appellant’s probation and remand with directions that Appellant’s probation be reinstated.
REVERSED and REMANDED.
ALLEN, DAVIS and THOMAS, JJ., concur.