CANADY, Judge.
In this case, we address a claim that the evidence was insufficient to support an adjudication for the offense of resisting, obstructing, or opposing a law enforcement officer without violence under section 843.02, Florida Statutes (2007). Specifically, we consider whether a person who knowingly fails to heed a police order to stop is guilty of an offense under section 843.02 when the order to stop is justified by Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). Pursuant to Florida Rule of Appellate Procedure 9.331(a) and (c), the court on its own motion has ordered en banc consideration of this case. For the reasons we explain, we conclude that a violation of section 843.02 was committed in the circumstances at issue here.
I. Background
C.E.L. was charged with obstructing or opposing an officer without violence after he ran from two approaching officers in a high-crime area and then failed to obey the police command to stop.
At the adjudicatory hearing, the testimony of the two officers established that their encounter with C.E.L. occurred when they were on patrol in a high-crime area following up on a complaint regarding drugs and trespassing. According to the officers’ testimony, as the officers — wearing vests with “Sheriff’ emblazoned on the front— approached him, C.E.L. “immediately turned around and took flight upon seeing” the officers. The testimony further established that the officers then ordered C.E.L. to stop but that C.E.L. disregarded the order and continued to run. Ultimately, C.E.L. was apprehended and it was determined that there was an outstanding warrant for his arrest.
Pursuant to Florida Rule of Juvenile Procedure 8.110(k), C.E.L. moved for a judgment of dismissal on the ground that the evidence presented by the State was insufficient because “running by itself is not enough to support a charge of obstructing or opposing an officer without violence.” The circuit court denied the *560 motion, found C.E.L. guilty of the offense, and adjudicated him delinquent.
II. Argument on Appeal
C.E.L. contends that the circuit court’s denial of his motion for judgment of dismissal was erroneous because the State failed to prove that his flight obstructed the officers in the performance of their legal duties. Based on D.T.B. v. State, 892 So.2d 522 (Fla. 3d DCA 2004), and J.D.H. v. State, 967 So.2d 1128 (Fla. 2d DCA 2007), C.E.L. argues that “the flight cannot be both the basis for the detention and the obstruction itself’ and that C.E.L. “did not obstruct any duty [the officers] were performing when he fled because the officers had no grounds to detain [C.E.L.] before he fled.”
III. Analysis
In considering C.E.L.’s argument, we (a) acknowledge that it presents an issue of fundamental error, (b) summarize the rules governing our review of orders on motions for judgment of dismissal, (c) discuss the elements of an offense under section 843.02, and (d) examine the relationship between police action justified under Wardlow and violations of section 843.02.

A.An Issue of Fundamental Error

The issue raised on appeal was not specifically presented to the trial court. Ordinarily, this would preclude review of the issue. See § 924.051(1), (3), Fla. Stat. (2007). Here, however, the issue is one of fundamental error, since the import of C.E.L.’s claim is that “the evidence is insufficient to show that a crime was committed at all.” F.B. v. State, 852 So.2d 226, 230 (Fla.2003). Accordingly, we proceed to the merits of the issue raised on appeal.

B.Judging the Sufficiency of the Evidence

The granting of a motion for judgment of dismissal is warranted only if “the evidence is insufficient to establish a prima facie case of guilt against the child.” Fla. R. Juv. P. 8.110(k). “The standard of review that applies to a motion for judgment of dismissal in a juvenile case is the same standard that applies to a motion for judgment of acquittal in a criminal case.” A.P.R. v. State, 894 So.2d 282, 284 (Fla. 5th DCA 2005). “We review the trial court’s [disposition] of the motion for dismissal under the de novo standard,” viewing the evidence “in the light most favorable to the State.” R.R.W. v. State, 915 So.2d 633, 634-35 (Fla. 2d DCA 2005). “If, upon reviewing the evidence in a light most favorable to the State, a rational fact-finder could find the elements of the crime proven beyond a reasonable doubt, then the evidence is sufficient to sustain the adjudication of delinquency.” I.M. v. State, 917 So.2d 927, 929 (Fla. 1st DCA 2005).

C.The Elements of an Offense Under Section 8⅛3.0&

Section 843.02 provides that “[w]hoever shall resist, obstruct, or oppose any officer ... in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree.” The threshold for establishing the commission of an offense under this statutory provision is that the officer be in the “lawful execution” of a “legal duty.” To meet this threshold, the conduct of the officer must be consistent with the Fourth Amendment and any other relevant requirements of law. See Tillman v. State, 934 So.2d 1263, 1274 (Fla.2006). In determining whether this threshold has been met, “courts must apply the legal standards governing the duty undertaken by the law enforcement officer at the point that an ... act of ... resistance occurs.” Id. at 1271. To establish the offense, it *561 also must be shown that the defendant knew of the officer’s status as an officer. See Polite v. State, 973 So.2d 1107, 1117 (Fla.2007). And, of course, there must be an act by the defendant of resisting, obstructing, or opposing the officer.
We have previously recognized that flight in knowing defiance of a law enforcement officer’s lawful order to stop constitutes an act of resisting, obstructing, or opposing an officer in the lawful execution of a legal duty. For example, in D.M. v. State, 681 So.2d 797 (Fla. 2d DCA 1996), we addressed circumstances where the defendant fled from an officer attempting to carry out an investigative detention. We held that to establish the commission of an offense under section 843.02, “the state must establish that [ (1) ] the defendant fled with knowledge of the officer’s intent to detain him and [ (2) ] the officer was justified in making the detention due to his founded suspicion that the defendant was engaged in criminal activity.” 681 So.2d at 798; see also J.R.P. v. State, 942 So.2d 452, 453-54 (Fla. 2d DCA 2006); F.E.C. v. State, 559 So.2d 413, 414 (Fla. 2d DCA 1990). Accordingly, a defendant who flees from the police is culpable under section 843.02 if (a) a law enforcement officer issues a lawful order to the defendant to stop, (b) the defendant has knowledge of the order and that it is issued by a law enforcement officer, and (c) the defendant refuses to obey the order.
D. The Relationship Between Section 84-3.02 and Police Action under Wardlow
Here, there is no suggestion either that the order to stop was unlawful or that C.E.L. did not act in knowing defiance of the order. The question presented by the instant case is whether an exception should be made from the general rule that knowing defiance of a lawful order to stop constitutes a violation of section 843.02. The defense contends that the general rule is inapplicable when the order to stop is justified under Wardlow, 528 U.S. at 124, 120 S.Ct. 673, which held that the defendant’s “unprovoked flight upon noticing the police” in -a high-crime area was suggestive of wrongdoing and therefore provided reasonable suspicion justifying an investigatory detention. The defense position reflects reasoning that was first articulated by the Third District in D.T.B. and followed by this court in J.D.H.
In both D.T.B., 892 So.2d at 523, and J.D.H., 967 So.2d at 1130, the defendant ran upon seeing the police in a high-crime area, the police then commanded the defendant to stop, and the defendant continued to flee. There was no suggestion in either case that the defendant was unaware of the command to stop. The defendant’s knowing defiance of the command to stop was, however, not a focus of the analysis in either case. Instead, the analysis in both cases focused on refuting the State’s suggestion that the defendant’s initial flight was itself a violation of section 843.02.
In D.T.B., the Third District rejected the State’s argument that “under Ward-low, D.T.B.’s flight in a high[-]erime area gave the police reasonable suspicion to stop him, and[] [the police] having the right to stop D.T.B., the flight was sufficient to prove that D.T.B. had committed the offense of resisting arrest.” 892 So.2d at 524.[1] The Third District reasoned that *562 “Wardlow did not criminalize running from the police.” Id. The court further reasoned: “Although D.T.B.’s flight may have given the officers reasonable suspicion to stop D.T.B. under Wardlow, Wardlow did not create an articulable well founded suspicion of criminal activity sufficient to support an arrest[ ] and justify the charge of resisting.” Id. The court found support for this conclusion in the Wardlow Court’s statement that when an investigatory detention is made based on flight in a high-crime area, “if ‘the officer does not learn facts rising to the level of probable cause, the individual must be allowed to go on his way.’” D.T.B., 892 So.2d at 524 (quoting Wardlow, 528 U.S. at 126, 120 S.Ct. 673). On this basis, the court concluded that the evidence was insufficient to establish that D.T.B. was culpable under section 843.02.
In J.D.H., following the reasoning of D.T.B., we stated that “an individual is guilty of resisting or obstructing an officer by flight only if he flees while knowing of the officer’s intent to detain him and if the officer is justified in detaining the individual before he flees.” J.D.H., 967 So.2d at 1130 (bold emphasis added). At issue in J.D.H. was whether contraband found in a search incident to an arrest should be suppressed because the arrest was unlawful. 967 So.2d at 1129. The arresting officer testified that J.D.H. was arrested for not obeying the police order to stop which was issued after he initially fled from the police. Id. at 1130. We concluded that “because J.D.H. fled from officers who had no legal right to detain him, he could not have been lawfully arrested for resisting an officer without violence.” Id. We reasoned that allowing a charge of resisting an officer-without violence under such circumstances “would improperly criminalize the simple act of fleeing from an officer and expand the holding of Wardlow beyond its plain language.” Id. at 1132.
Contrary to our statement in J.D.H., we now conclude that an offense under section 843.02 is committed by a person fleeing the police who defies a lawful order to stop even if the justification for detaining that person does not exist before he initially flees from the police. Accordingly, we hold that the evidence against C.E.L. was sufficient because the police command to stop was issued in the lawful performance of a legal duty and C.E.L.’s knowing defiance of the command was an act of resisting, obstructing, or opposing an officer. We now recede from our decision in J.D.H. to the extent it is inconsistent with our decision here.
It is of no consequence that the police lacked a justification for detaining C.E.L. before his initial flight from them. And it is of no consequence that the initial flight was not a crime. Once the police obtained justification based on Wardlow to stop C.E.L. and acted pursuant to that justification, C.E.L. was required to comply. Although the mere act of running from the police was not an offense under section 843.02, once a lawful command to stop had been issued by an officer, knowing defiance of that command was such an offense.
The Wardlow Court’s recognition that an individual who is subjected to an investigatory stop must be “allowed to go on his way” unless the police “learn facts rising to the level of probable cause” does nothing to undermine this conclusion. 528 U.S. at 126, 120 S.Ct. 673. Wardlow does not specifically address the legal ramifications of a suspect’s failure to comply with a police order to stop. That is a matter of *563 state law. Under Florida law, knowing defiance of a lawful order to stop is a crime. The police are not required to allow a suspect “to go on his way” when he has committed that crime in their presence. In such circumstances, the police have learned “facts rising to the level of probable cause.”
An officer unquestionably is in the lawful execution of a legal duty when he acts to detain a person based on reasonable suspicion pursuant to Wardlow. There is no reason that a person who knowingly defies an officer’s lawful command to stop in such circumstances should be absolved from responsibility under section 843.02. In recognizing this, we do not imply that every act of flight from the police is a crime. Instead, we simply acknowledge (a) that knowing defiance of a lawful police order is within the scope of section 843.02 and (b) that investigatory detentions pursuant to Wardlow are fully lawful. Under section 843.02, lawful police action based on Wardlow should not be treated differently than lawful police action based on other grounds.
IV. Conclusion
The trial court correctly denied C.E.L.’s motion for judgment of dismissal. We therefore affirm C.E.L.’s adjudication under section 843.02.
Affirmed.
NORTHCUTT, C.J., and FULMER, WHATLEY, CASANUEVA, DAVIS, SILBERMAN, KELLY, WALLACE, and LaROSE, JJ.,[2] Concur.
ALTENBERND, J., Concurs specially with an opinion in which STRINGER and VILLANTI, JJ., Concur.

. Although the defendant in D.T.B. was charged with an offense under section 843.02, Florida Statutes (2004), the Third District referred to the offense as “obstructing/resisting arrest without violence.” 892 So.2d at 522. As is apparent from the foregoing discussion of the elements of an offense under section 843.02, the act of resisting, obstructing, or *562 opposing need not be directed toward an attempted arrest. See Tillman, 934 So.2d at 1269 (stating that the crime proscribed by section 843.01 — resisting an officer with violence — "has sometimes been described inaccurately as 'resisting arrest with violence’ ”).