999 So.2d 1068 (2008)
STATE of Florida, Appellant,
v.
Legear Carolyn HARRIS, Appellee.
No. 2D07-4516.
District Court of Appeal of Florida, Second District.
October 15, 2008.
Rehearing Denied December 9, 2008.
*1069 Bill McCollum, Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellee.
CANADY, CHARLES T., Associate Judge.
The State challenges an order granting Harris's motion to suppress. We conclude that the trial court erred in granting the motion to suppress. We therefore reverse and remand.

I. Background

Early one morning, an officer with the Avon Park Police Department was on foot patrol in an area known for high drug activity. As the officer approached an apartment complex, he overheard a conversation between an unknown male and unknown female which seemed to indicate they were consuming drugs. Specifically, the officer heard the male state "Let me hit that," to which the female responded, "Go ahead baby, go around the corner." The officer hid around the corner from the two individuals; he testified that he only saw the shadows of two people and only heard two voices. Immediately after he overheard that exchange, the male came around the corner where the officer was located. The officer observed the male holding a glass pipe which was the type typically used to smoke crack cocaine. As the officer initiated an arrest of the male suspect, he saw the femalelater identified as Harrisstart to walk away from the area. The officer ordered Harris to stop, but Harris continued walking.[1] Eventually, Harris stopped walking and sat on the hood of a car. The officer approached Harris and told her she was under arrest. After a brief struggle with Harris, the officer conducted a search incident to arrest, during which drugs and drug paraphernalia were discovered in Harris's purse. Subsequently, Harris was charged with possession of cocaine, possession of cannabis, possession of drug paraphernalia, and resisting arrest without violence.
*1070 Harris filed a motion to suppress alleging that the evidencethat is, the drugs and drug paraphernaliawas illegally seized without a warrant. After the suppression hearing, the trial court granted the motion, finding that the officer made assumptions that the female voice he heard belonged to Harris and that Harris was in possession of the crack pipe which she then gave to the male suspect. The trial court also found that the officer "actually observed nothing from which he could reasonably infer that [Harris] had control of the crack pipe or was even aware of its presence."
The State now appeals, arguing that the trial court overlooked the officer's testimony that based on his knowledge, training, and experience, that the area where this incident occurred was known for high drug activity and that the conversation he overheard was about drugs. The State also points out that the other circumstances, such as the fact that the officer only heard two voices and only saw two shadows and the fact that the male came around the corner with the crack pipe in his hand, support a finding that the officer had probable cause to arrest Harris.

II. Analysis

A. Standard of Review

In reviewing the trial court's ruling on the motion to suppress, we are governed by the standard that "mixed questions of law and fact that ultimately determine constitutional rights should be reviewed... using a two-step approach, deferring to the trial court on questions of historical fact but conducting a de novo review of the constitutional issue." Connor v. State, 803 So.2d 598, 605 (Fla.2001). As to questions of historical fact, deferential review requires that we "interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court's ruling." Pagan v. State, 830 So.2d 792, 806 (Fla.2002).
Luna-Martinez v. State, 984 So.2d 592, 597 (Fla. 2d DCA 2008).

B. The officer had probable cause to arrest Harris

The existence of probable cause to arrest depends on "whether, at the moment the arrest was made, ... the facts and circumstances within [the arresting officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that [the person arrested] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). The "standard of probable cause" is "only the probability, and not a prima facie showing, of criminal activity." Spinelli v. United States, 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).
Here, the officer did not actually observe Harris in possession of the crack pipe. But the facts known to the arresting officer provided a sufficient basis to establish probable cause for the arrest of Harris.
The crucial factor here is the content and the context of the conversation which the officer overheard. When the officer heard the male state "Let me hit that" and the female respond, "Go ahead baby, go around the corner," and then observed the male come around the corner with the crack pipe, the officer was justified in believing that the female had given the crack pipe to the male. This conclusion is reasonable because if the male already had the pipe in his possession, there would be no need for him to make the request, "Let me hit that." In the context present here, the request by the male unmistakably had reference to the crack pipe and the inference is strong that the request was made *1071 to Harris because she had the pipe in her possession.
Based on the uncontested historical facts concerning what was known to the officer, we conclude that the officer had probable cause to arrest Harris. We hold that the conversation, in conjunction with the location, the officer's observation of only two suspects, and the fact that the male suspect was seen in possession of the crack pipe immediately after the verbal exchange "raise[d] the level of inference from suspicion to probable cause." People v. Clark, 103 Misc.2d 498, 426 N.Y.S.2d 692, 698 (N.Y.Sup.Ct.1980) ("[A] conversation together with otherwise equivocal behavior may raise the level of inference from suspicion to probable cause.").

III. Conclusion

The trial court thus erred in suppressing the evidence at issue based on its conclusion that the arrest of Harris was not based on probable cause. We therefore reverse and remand for proceedings consistent with this opinion.
Reversed and remanded.
SILBERMAN and LaROSE, JJ., Concur.
NOTES
[1] We note that Harris's actions in continuing to walk away after lawfully being ordered by the police officer to stop constituted the crime of resisting, obstructing, or opposing an officer in the lawful execution of a legal duty. See C.E.L. v. State, 995 So.2d 558 (Fla. 2d DCA 2008). However, the State has not argued that such actions would have provided the officer with probable cause to arrest.