PER CURIAM.
C.P., a juvenile, appeals from an order finding guilt and withholding adjudication of delinquency. We reverse in part and affirm in part.
C.P. and a friend were playing around in a mobile home park outside a vacant mobile home. C.P. found a metal bar and applied it to the mobile home door. When a neighbor yelled out to them, C.P. and his friend dropped the bar and ran. The State charged C.P. with count (1) criminal mischief over $200 but less than $1,000 by breaking and/or damaging the door of a structure, count (2) attempted burglary of an unoccupied structure, and count (3) possession of burglary tools with intent to commit a burglary or trespass.
At the adjudicatory hearing, the State called two witnesses, the neighbor and a representative of the mobile home park. The neighbor testified that he saw C.P. putting the bar to the door of a vacant mobile home. The representative testified that there was $352.74 in damage to the door. After the State rested, defense counsel moved for a judgment of dismissal, claiming the State failed to prove the requisite intent for each count. The trial judge denied the motion.
The defense presented C.P., who testified that he was horsing around with his friend when they found a bar on the stairs to a vacant mobile home. They noticed a hole on the door, and C.P. put the bar inside the hole. He also testified that he did not intend to enter the home. C.P. stated they were scared off when the neighbor yelled. The defense rested and renewed all previous motions.
The trial court found C.P. delinquent on counts one and three, and guilty on the lesser offense of trespass in count 2. The trial court withheld adjudication, ordered restitution, and placed C.P. on probation with conditions. C.P. appealed.
On appeal, C.P. contends that the trial court erred in denying the motion for judgment of dismissal and convicting him of the three charges because the State failed to prove these offenses beyond a reasonable doubt. The State asserts that the trial court properly denied C.P.’s motion for judgment of dismissal because there was sufficient evidence of the charged offenses. We agree with C.P. on *524 the count 2, trespass conviction and with the State on the other convictions.
First, in order to prove C.P. committed trespass, the State had to prove that C.P., without being authorized, licensed, or invited, willfully entered or remained in a structure or conveyance. See § 810.08(1), Fla. Stat. (2010). Entry into a structure is a necessary element. See Keys v. State, 949 So.2d 1080 (Fla. 2d DCA 2007). Although a structure may include curtilage, the curtilage area must be enclosed in some manner. See State v. Hamilton, 660 So.2d 1038 (Fla.1995); B.W. v. State, 973 So.2d 657 (Fla. 3d DCA 2008).
Here, C.P. never entered the mobile home. There is no evidence that the area around the mobile home was enclosed. Therefore, the State failed to prove trespass; however, there was sufficient evidence to uphold a charge for attempted trespass. See J.B. v. State, 405 So.2d 247 (Fla. 3d DCA 1981).
There was also sufficient evidence to prove possession of burglary tools and criminal mischief. Therefore, we uphold those convictions without further discussion.
Accordingly, we reverse the count 2, trespass conviction, and instruct the court to reduce the conviction from trespass to attempted trespass. We affirm all other convictions.
■ Reversed in part and remanded with instructions, and affirmed in part.