75 So.3d 816 (2011)
J.A.M., Appellant,
v.
STATE of Florida, Appellee.
No. 2D10-3069.
District Court of Appeal of Florida, Second District.
December 7, 2011.
James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Pamela Jo Bondi, Attorney General, Tallahassee, and Dawn A. Tiffin, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
J.A.M. argues that the State failed to submit sufficient evidence to prove that he committed trespass by entering school property while under suspension. We agree and reverse the order finding him guilty of that charge.
On Friday, October 9, J.A.M. was given a ten-day suspension from high school for having a weapon on campus. The discipline referral form set forth the out-of-school suspension dates as "10/12-10/26." The following was also stamped on the form: "MAY NOT BE ON SCHOOL CAMPUS OR ANY PASCO COUNTY SCHOOL BOARD PROPERTY DURING OUT OF SCHOOL SUSPENSION. TRESPASSING COULD RESULT IN AN ARREST." According to the assistant principal who signed the referral, he brought this provision to J.A.M.'s attention on October 9 and gave him a copy of the referral form. The homecoming dance was held the next evening, on Saturday, October 10. When J.A.M. and his date arrived at school for the dance, he was asked to leave.
J.A.M. was later charged in a delinquency petition with trespass on school property in violation of section 810.097(1), Florida Statutes (2009). Under this statute, trespass is committed by any person who "[i]s a student currently under suspension or expulsion[] and who enters or remains upon the campus." § 810.097(1)(b).
In his testimony, the assistant principal asserted that J.A.M.'s suspension began when the referral was issued on October 9, but he did not say that he explained this to J.A.M. In any event, he was mistaken. As prescribed by the written referral, J.A.M.'s suspension began on Monday, October 12, and it ended on Monday, October 26. That period spanned ten school days and two weekendsbut not the weekend just after the October 9 referral. Therefore, the evidence failed to show that J.A.M. was currently under suspension when he arrived on campus to attend the dance on October 10.
J.A.M. raised this issue below in a motion for judgment of acquittal, more properly characterized as a motion for judgment of dismissal under Florida Rule of Juvenile Procedure 8.110(k). The circuit court denied the motion and found J.A.M. guilty of the trespassing charge. The court withheld adjudication and placed J.A.M. on probation. We have reviewed the matter de novo, viewing the evidence in the light most favorable to the State. Having concluded that the State failed to submit competent, substantial evidence that J.A.M. entered school property while "currently under suspension," we reverse and remand with directions to dismiss the charge. See Pagan v. State, 830 So.2d 792, 803 (Fla.2002) (directing appellate courts to apply de novo standard when reviewing denial of motion for judgment of acquittal and to reverse only when conviction *817 was not supported by competent, substantial evidence); C.E.L. v. State, 995 So.2d 558, 560 (Fla. 2d DCA 2008) (stating that judgment of acquittal standard applies to review of motion for judgment of dismissal in juvenile case).
Reversed and remanded with directions.
DAVIS and BLACK, JJ., Concur.