MAY, C.J.
The defendant appeals the revocation of his probation for resisting an officer without violence. The defendant argues the trial court erred in revoking his probation because the officers lacked reasonable suspicion to detain him, which led to the resisting without violence charge. We agree and reverse.
The State filed a violation of probation, and alleged the defendant had committed a trespass and resisted arrest without violence. At the probation revocation hearing, the' arresting officer testified that he and another officer observed the defendant standing next to two buildings that had “no trespassing” signs posted. The officer did not recognize the defendant. The officers exited their vehicle, announced their presence, and ordered the defendant to stop. The defendant fled.
The trial court dismissed the trespass violation, but revoked the defendant’s probation for resisting arrest without violence. The court sentenced the defendant to two concurrent four year terms of imprisonment. The defendant now appeals.
On appeal, the defendant argues that the trial court erred in revoking his probation because the officers lacked reasonable suspicion to detain him; and therefore he was free to ignore the officer’s order to stop. To support a conviction for resisting arrest without violence, “the State must prove: (1) the officer was engaged in the lawful execution of a legal duty; and (2) the defendant’s action, by his words, conduct, or a combination thereof, constituted obstruction or resistance of that lawful duty.” C.E.L. v. State, 24 So.3d 1181, 1185-86 (Fla.2009). An officer’s command to stop is a lawful execution of a legal duty if there is reasonable suspicion to support the stop. Id. at 1186.
The State argues that the defendant’s flight in a high crime area created reasonable suspicion. We disagree. Flight alone is “insufficient to form the basis of a resisting without violence charge.” Id. The officer must have reasonable suspicion prior to ordering an individual to stop. A defendant’s response to police pursuit cannot be used to retroactively support suspicion of criminal activity. Hollingsworth v. State, 991 So.2d 990, 992 (Fla. 4th DCA 2008).
*608 The officers also lacked reasonable suspicion based on trespass. The defendant was charged with violating section 810.08, Florida Statutes (2012). A person violates section 810.08 by willfully entering or remaining in any structure or conveyance without permission or by refusing to depart after permission has been revoked. § 810.08(1), Fla. Stat. (2012). Entry into a structure is a necessary element of the offense. C.P. v. State, 99 So.3d 522, 524 (Fla. 3d DCA 2011). There was no evidence presented that the defendant attempted to enter either building, or that either officer believed the defendant was about to attempt entry. A “structure” may include curtilage, but the curtilage area must be enclosed in some manner. Id. There was no evidence that the areas in which the defendant stood were enclosed in any way.
“Mere presence on the property is insufficient to give rise to a reasonable suspicion of trespass and a reasonable suspicion of trespass must be based upon something more than ‘a mere hunch or guess.’ ” D.T. v. State, 87 So.3d 1235,1241 (Fla. 4th DCA 2012) (citation omitted). “[A] police officer — under the trespass statute — may issue a trespass warning for unauthorized entrance into a structure, but does not have the legal authority to conduct an investigatory stop or arrest for trespass unless the owner or his agent first warned the potential trespasser.” Gestewitz v. State, 34 So.3d 832, 834 (Fla. 4th DCA 2010). Here, because the officer did not recognize the defendant as someone who had previously been warned, he lacked legal authority to stop the defendant for trespass.
Without reasonable suspicion, the State failed to prove the officers were engaged in the lawful execution of a legal duty when the defendant fled. We therefore reverse the revocation of the defendant’s probation.

Reversed.

TAYLOR and GERBER, JJ., concur.