NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

M.R.,                                  )
                                       )
            Appellant,                 )
                                       )
v.                                     )     Case No. 2D15-3651
                                       )
STATE OF FLORIDA,                      )
                                       )
            Appellee.                  )
_____)

Opinion filed August 12, 2016.

Appeal from the Circuit Court for
Hillsborough County; Barbara Twine
Thomas, Judge.

Howard L. Dimmig, II, Public Defender, and
Alisa Smith, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa, for
Appellee.


BLACK, Judge.

          M.R. challenges his adjudication of delinquency for two counts of battery

on a law enforcement officer, one count of resisting an officer with violence, and one

count of resisting an officer without violence. M.R. contends that the trial court erred in denying his motion for judgment of dismissal because the law enforcement officer was not executing a legal duty when he initially ordered M.R. to stop. We agree, in part, with M.R.'s argument and reverse the adjudication for resisting an officer without violence; we affirm in all other respects.

At the adjudication hearing, the arresting officer testified that he was completing his usual patrol through an apartment complex when he saw four juveniles on bicycles. The juveniles apparently saw the officer's vehicle and rode behind one of the buildings. The officer testified that he found the juveniles' actions suspicious and wanted to know why they went from riding in the street to riding behind a building. He radioed that he was exiting his vehicle and went behind the building on foot, but the juveniles were not there. As the officer was returning to his vehicle, he saw M.R. riding away and directed him to stop in order to make contact with him. M.R. did not stop.[1]

"We review the trial court's denial of the motion for dismissal under the de novo standard," viewing the evidence "in the light most favorable to the State." R.R.W. v. State, 915 So. 2d 633, 634-35 (Fla. 2d DCA 2005). Section 843.02, Florida Statutes (2014), provides that "[w]hoever shall resist, obstruct, or oppose any officer . . . in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree." "The threshold for establishing the commission of an offense under this statutory provision is that the officer be in the 'lawful execution' of a 'legal duty.' To meet this threshold, the conduct

---

[1]As we are reversing only the resisting without violence charge, we discuss only those relevant facts.

of the officer must be consistent with the Fourth Amendment and any other relevant requirements of law." C.E.L. v. State, 995 So. 2d 558, 560 (Fla. 2d DCA 2008) (en banc), approved, 24 So. 3d 1181 (Fla. 2009).

"[A]s a general rule, flight, standing alone, is insufficient to form the basis of a resisting without violence charge." C.E.L. v. State, 24 So. 3d 1181, 1186 (Fla. 2009). "To be guilty of unlawfully resisting an officer, an individual who flees must know of the officer's intent to detain him, and the officer must be justified in making the stop at the point when the command to stop is issued." Id. That is, "flight in knowing defiance of a law enforcement officer's lawful order to stop constitutes an act of resisting, obstructing, or opposing an officer in the lawful execution of a legal duty." C.E.L., 995 So. 2d at 561.

An officer's command to stop is lawful if there is "reasonable and well-founded suspicion that criminal activity has occurred or is about to occur." C.E.L., 24 So. 3d at 1186; accord Palmer v. State, 112 So. 3d 606, 607 (Fla. 4th DCA 2013). And "[w]hether an officer's suspicion is reasonable is determined by the totality of the circumstances which existed at the time of the stop and is based solely on facts known to the officer before the stop." S.S. v. State, 154 So. 3d 1217, 1220 (Fla. 4th DCA 2015) (quoting Fuentes v. State, 24 So. 3d 1231, 1234 (Fla. 4th DCA 2009)).

The officer's testimony failed to establish that he had a reasonable suspicion of criminal activity when he ordered M.R. to stop. Therefore, the evidence was insufficient to establish that the officer was executing a lawful duty at that time. Cf. C.E.L., 995 So. 2d at 564 (Altenbernd, J., concurring) ("If these teenagers lived on Bayshore Boulevard in Tampa, or in Carrollwood or Temple Terrace, they would have

been free to run when they saw the deputies.  Running would not have created a basis for a <u>Terry</u> stop or the foundation for a misdemeanor.").  As a result, M.R.'s adjudication for resisting an officer without violence must be reversed.

Affirmed in part, reversed in part, and remanded.

MORRIS and BADALAMENTI, JJ., Concur.