NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

T.P.,                                             )
                                                  )
            Appellant,                            )
                                                  )
v.                                                )          Case No. 2D15-5543
                                                  )
STATE OF FLORIDA,                                 )
                                                  )
            Appellee.                             )
_____ )

Opinion filed August 2, 2017.

Appeal from the Circuit Court for Polk
County; Mark Hofstad, Judge; and
Charles L. Brown, Senior Judge.

Howard L. Dimmig, II, Public Defender, and
Matthew D. Bernstein, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Ha Thu Dao, Assistant
Attorney General, Tampa, for Appellee.


CASANUEVA, Judge.

            T.P., a juvenile, seeks review of an order adjudicating him delinquent for

resisting an officer without violence, for which one year of probation was imposed.  T.P.

was charged with one count of loitering or prowling and one count of resisting an officer

without violence.  The trial court granted T.P.'s motion for judgment of dismissal on the

charge of loitering or prowling, and he argues that the court should have granted his motion for judgment of dismissal as to the resisting charge as well. We agree and reverse.

## I. FACTS AND PROCEDURAL HISTORY

The evidence presented at trial consisted of the testimony of the arresting officer. He testified that the police received a call about a suspicious male looking through windows of houses at about 7:45 in the morning. The suspect had left the area by the time officers responded, and the officer spotted T.P. about a quarter of a mile away from the neighborhood. The officer testified that he asked T.P. to stop because he matched the BOLO description of a light-skinned black male wearing shorts and a shirt. T.P. ran from the officer but later stopped in response to additional commands.

T.P.'s counsel moved for a judgment of dismissal as to both the loitering or prowling charge and the resisting charge. The court dismissed the loitering or prowling charge, finding that the State failed to provide sufficient evidence that T.P. was the same person seen looking in the windows. The court found that the officer did have reasonable suspicion to stop T.P. and thus denied the motion as to the resisting charge.

## II. ANALYSIS

We review the denial of a motion for judgment of dismissal de novo. E.A.B. v. State, 851 So. 2d 308, 310 (Fla. 2d DCA 2003). A conviction will be sustained if, viewing the evidence in the light most favorable to the State, a rational trier of fact could find that the elements of the crime have been established beyond a reasonable doubt. Id. "If the State did not present sufficient evidence to establish a prima facie case of the crime charged, then a judgment of dismissal is proper." Id.

To support a conviction for resisting an officer without violence, "the State must prove: (1) the officer was engaged in the lawful execution of a legal duty; and (2) the defendant's action, by his words, conduct, or a combination thereof, constituted obstruction or resistance of that lawful duty." C.E.L. v. State, 24 So. 3d 1181, 1185-86 (Fla. 2009); see § 843.02, Fla. Stat. (2014). The State argued below that the officer had reasonable suspicion to conduct a stop and T.P. resisted by taking flight. The State appears to have abandoned this argument on appeal, contending that the officer was not attempting an investigatory stop but rather was simply trying to engage T.P. in a consensual encounter. We will address both arguments. See Robertson v. State, 829 So. 2d 901, 906 (Fla. 2002) (discussing application of tipsy coachman doctrine, which allows an appellate court to consider an alternative basis for affirmance when supported by the record).

**A. Reasonable Suspicion to Stop**

An officer is engaged in the lawful execution of a legal duty when commanding an individual to stop if there is reasonable suspicion to support the stop. R.R. v. State, 137 So. 3d 535, 537 (Fla. 4th DCA 2014) (quoting Palmer v. State, 112 So. 3d 606, 607 (Fla. 4th DCA 2013)). The stop is justified when the officer observes facts that give rise to a reasonable suspicion that criminal activity has occurred, is occurring, or is about to occur. C.E.L., 24 So. 3d at 1186. "[T]he act of flight alone is not a criminal offense." Id. Absent either a founded suspicion to conduct a stop or probable cause to make a warrantless arrest, "the individual has a right to ignore the police and go about his business." J.W. v. State, 95 So. 3d 372, 378 (Fla. 3d DCA 2012) (quoting O.B. v. State, 36 So. 3d 784, 786 (Fla. 3d DCA 2010)).

The State argued below that the officer had reasonable suspicion to stop T.P. and ask him what he was doing based on the report about someone looking in windows. The State cited to Illinois v. Wardlow, 528 U.S. 119 (2000), and R.R. in support of its argument. However, both cases are distinguishable in significant ways.

In Wardlow, the Supreme Court identified an exception to the general rule that flight alone is not sufficient to form the basis for a resisting without violence charge. C.E.L., 24 So. 3d at 1184. The Court held "that a defendant's unprovoked flight upon noticing the police in a high-crime area is suggestive of wrongdoing and provides reasonable suspicion to justify an investigatory detention under Terry[ v. Ohio, 392 U.S. 1 (1968)]." Id. at 1187 (emphasis added) (citing C.E.L. v. State, 995 So. 2d 558, 561-62 (Fla. 2d DCA 2008)). In R.R., the adjudication of guilt for resisting an officer without violence was affirmed where two juveniles fled after an officer observed them engaging in suspicious conduct. 137 So. 3d at 539 ("[O]nce R.R. engaged in an unprovoked, headlong flight from the officer, that behavior, coupled with the officer's prior observations of R.R. looking into the windows of two parked cars in a parking lot during the holiday season, supplied the officer with sufficient reason to conduct an investigatory stop." (emphasis added)).

In this case, the State presented no testimony that flight took place in a high-crime area, and the officer observed no suspicious activity prior to ordering T.P. to stop. The only suspicious activity was reported by an unidentified 911 caller who provided a vague description of a light-skinned black male wearing shorts and a shirt looking through windows. Under the circumstances of this case, we conclude that the officer lacked the requisite reasonable suspicion to stop T.P. See M.B. v. State, 107

- 4 -

So. 3d 564 (Fla. 3d DCA 2013) (reversing adjudication of delinquency where detention of juvenile "was based on an unreliable, anonymous tip that was not corroborated" and there was no evidence that the flight took place in a high-crime area); O.B., 36 So. 3d at 787 ("[P]olice officers seeking to detain an individual in response to a BOLO are not lawfully executing a legal duty unless they have the requisite reasonable suspicion."); see also Rivera v. State, 771 So. 2d 1246, 1248 (Fla. 2d DCA 2000) (holding that anonymous informant's tip was insufficient to establish reasonable suspicion for a stop where police observed nothing to corroborate claim); J.S.B. v. State, 729 So. 2d 456, 457 (Fla. 2d DCA 1999) (stating elements of loitering or prowling must occur in the officer's presence).  Thus, the State failed to establish the elements of resisting an officer without violence based on the officer's attempt to stop T.P.

### B. Consensual Encounter

We also reject the State's argument on appeal that the officer was simply attempting to engage T.P. in a consensual encounter and T.P.'s subsequent flight constituted resisting an officer without violence.  "[T]he hallmark of a consensual encounter is the citizen's right to either voluntarily comply with the officers' requests or terminate the encounter at any time." Yarusso v. State, 942 So. 2d 939, 942 (Fla. 2d DCA 2006) (citing Terry, 392 U.S. at 31-33, and Popple v. State, 626 So. 2d 185, 186 (Fla. 1993)).  "[A]n individual is guilty of resisting or obstructing an officer by flight only if he flees while knowing of the officer's intent to detain him and if the officer is justified in detaining him." Id. at 943 (citing J.J.N. v. State, 696 So. 2d 804, 805 (Fla. 2d DCA 1997)).

The officer was not justified in detaining T.P. at the time he approached him, and T.P.'s flight in response to the officer's attempted consensual encounter was not sufficient here to provide the officer with reasonable suspicion. Again, this case is distinguishable from R.R., in which the officer observed suspicious activity prior to the juvenile's flight, and there is no evidence that the flight took place in a high-crime area, cf. C.E.L., 24 So. 3d at 1189 ("C.E.L.'s flight in a high-crime area created the reasonable suspicion sufficient to warrant a lawful investigative stop.").

### III. CONCLUSION

The State failed to establish the elements of resisting an officer without violence, and the trial court erred by denying T.P.'s motion for judgment of dismissal. We reverse the adjudication of delinquency.

Reversed.


NORTHCUTT and MORRIS, JJ., Concur.