NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

D.D.,                                        )
                                             )
            Appellant,                       )
                                             )
v.                                           )          Case No. 2D17-769
                                             )
STATE OF FLORIDA,                            )
                                             )
            Appellee.                        )
_____    )

Opinion filed May 16, 2018.

Appeal from the Circuit Court for
Hillsborough County; Barbara
Twine-Thomas, Judge.

Howard L. Dimmig, II, Public Defender,
and Anthony C. Musto, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.


SALARIO, Judge.

            D.D. appeals from an order placing him on probation but withholding

adjudication for the delinquent acts of grand theft and criminal mischief.  We affirm

without comment as to the determination that he committed the delinquent act of

criminal mischief.  However, because the State failed to present sufficient evidence that

the value of the stolen property met the $300 statutory threshold for grand theft, <u>see</u> § 812.014(2)(c)(1), Fla. Stat. (2016), we reverse the finding that D.D. committed that delinquent act and remand this case to the delinquency court with instructions to enter an order finding that D.D. committed second-degree petit theft, <u>see</u> § 812.014(3)(a), and hold a new disposition hearing.

The evidence at the adjudicatory hearing established that while D.D. was at school, he stole another student's cell phone and threw it from a second-story balcony. The State called the victim to testify about the value of the phone. The victim testified that the phone was his "father's old phone" and that he thought it was an iPhone 6. Beyond that, he did not know anything important about the phone—such as the size of the display, the quantity of memory, the quality of the camera, or anything else bearing on the phone's value or his knowledge of it. Although he originally stated that the phone was in perfect condition when it was stolen, he later testified that the only way he was able to recognize the shattered phone after it was recovered was by the absence of a small piece that had broken off before the theft. The victim nonetheless testified, without objection from D.D., that the phone was worth $340 because he and his mother "checked online how much a used phone with . . . no damage . . . would be worth." The State offered no further evidence of the value of the phone. The trial court subsequently denied D.D.'s motion for judgment of dismissal, which had been based in part on an argument that the State had failed to offer legally sufficient evidence of the value of the phone, and found him delinquent.

A motion for judgment of dismissal in a delinquency case is subject to the same standard of review as a motion for judgment of acquittal in criminal cases. <u>C.E.L. v. State</u>, 995 So. 2d 558, 560 (Fla. 2d DCA 2008). We review a motion for judgment of

- 2 -

acquittal de novo.  Id.  "If, upon reviewing the evidence in a light most favorable to the State, a rational fact-finder could find the elements of the crimes proven beyond a reasonable doubt, then the evidence is sufficient to sustain the adjudication of delinquency."  I.M. v. State, 917 So. 2d 927, 929 (Fla. 1st DCA 2005).

To establish third-degree grand theft, the State must prove that the value of the stolen property was at least $300 at the time of the theft.  § 812.014(2)(c)(1); Pickett v. State, 839 So. 2d 860, 861 (Fla. 2d DCA 2003).  Although value can be proven with the owner's direct testimony of fair market value of the property, a witness's mere ownership of property unaccompanied by sufficient personal knowledge of its value is insufficient.  Mitchell v. State, 917 So. 2d 1056, 1057 (Fla. 2d DCA 2006). "Value may be established by direct testimony of fair market value or through evidence of the original market cost of the property, the manner in which the items were used, the condition and quality of the items, and the percentage of depreciation of the items since their purchase."  Pickett, 839 So. 2d at 861-62.

In this case, the victim plainly lacked sufficient personal knowledge to establish the stolen phone's value beyond a reasonable doubt.  The victim was only barely able to identify the phone, and he had no knowledge at all of any characteristics that would be relevant to its value.  Although there was testimony admitted about the internet research the victim and his mother did, nothing in the testimony established that the phone or phones they saw on the internet were the same kind of phone or in a similar condition to the phone the victim had.  Absent that kind of testimony—or some other probative evidence bearing on value—there was simply no way for the delinquency court to say that the $300 threshold for grand theft was met. See, e.g., M.K. v. State, 143 So. 3d 428, 431 (Fla. 4th DCA 2014) (holding that victim's testimony was

insufficient to establish value of a stolen necklace where the victim "lack[ed] . . . familiarity with the quality, length, weight and cost of the stolen necklace" and could only testify to a price that was based on her parent's internet research); K.W. v. State, 13 So. 3d 90, 91-92 (Fla. 3d DCA 2009) (holding that testimony from witness who lacked personal knowledge of the value of stolen cell phone was insufficient to establish value in petit theft trial where the witness did not know the phone's age, quality, condition, or to what extent its value had depreciated); S.M.M. v. State, 569 So. 2d 1339, 1341 (Fla. 1st DCA 1990) (holding that State failed to prove value of stolen jewelry in grand theft prosecution where victim was only able to testify to the price of items a jeweler had indicated were similar to hers).

Because the evidence was insufficient to show that the value of the stolen phone met the threshold necessary to prove the offense of grand theft, the trial court erred in denying the motion for judgment of dismissal, and we reverse. On remand, the trial court shall enter an order finding D.D. guilty of second-degree petit theft and hold a new disposition hearing. See D.J.S. v. State, 43 Fla. L. Weekly D592 (Fla. 2d DCA Mar. 14, 2018). In all other respects, we affirm.

Affirmed in part, reversed in part, and remanded with instructions.

CASANUEVA and CRENSHAW, JJ., Concur.