IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

August 10, 2018

D.D., )
)
      Appellant, )
)
v. )   Case No. 2D17-769
)
STATE OF FLORIDA, )
)
      Appellee. )
_____ )

BY ORDER OF THE COURT:

      Appellant's motion for rehearing or clarification is granted.  The prior opinion dated May 16, 2018, is withdrawn, and the attached opinion is issued in its place.  No further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

_____
MARY ELIZABETH KUENZEL, CLERK

D.D.,                                    )
                                         )
            Appellant,                   )
                                         )
v.                                       )          Case No. 2D17-769
                                         )
STATE OF FLORIDA,                        )
                                         )
            Appellee.                    )
_____  )

Opinion filed August 10, 2018.

Appeal from the Circuit Court for
Hillsborough County; Barbara
Twine-Thomas, Judge.

Howard L. Dimmig, II, Public Defender,
and Anthony C. Musto, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.


SALARIO, Judge.

        D.D. appeals from an order placing him on probation but withholding

adjudication for the delinquent acts of third-degree grand theft and first-degree

misdemeanor criminal mischief.  Because the State failed to present sufficient evidence

that the value of the stolen and damaged property met the statutory thresholds for the

charged offenses, see §§ 812.014(2)(c)(1), 806.13(1)(b)(2), Fla. Stat. (2016), we

reverse and remand for the delinquency court to enter an order finding that D.D. committed second-degree petit theft, see § 812.014(3)(a), and second-degree misdemeanor criminal mischief, see § 806.13(1)(b)(1), and to hold a new disposition hearing.

The evidence at the adjudicatory hearing established that while D.D. was at school, he stole another student's cell phone and threw it from a second-story balcony. The State called the victim to testify about the value of the phone. The victim testified that the phone was his "father's old phone" and that he thought it was an iPhone 6. Beyond that, he did not know anything important about the phone—such as the size of the display, the quantity of memory, the quality of the camera, or anything else bearing on the phone's value. Although he originally stated that the phone was in perfect condition when it was stolen, he later testified that the only way he was able to recognize the shattered phone after it was recovered was by the absence of a small piece that had broken off before the theft. The victim nonetheless testified, without objection from D.D., that the phone was worth $340 because he and his mother "checked online how much a used phone with . . . no damage . . . would be worth." The State offered no further evidence of the value of the phone. The trial court subsequently denied D.D.'s motion for judgment of dismissal, which had been based in part on an argument that the State had failed to offer legally sufficient evidence that the value of the phone met the statutory threshold for grand theft, and found him delinquent.

A motion for judgment of dismissal in a delinquency case is subject to the same standard of review as a motion for judgment of acquittal in criminal cases. C.E.L. v. State, 995 So. 2d 558, 560 (Fla. 2d DCA 2008). We review a motion for judgment of acquittal de novo. Id. "If, upon reviewing the evidence in a light most favorable to the

- 3 -

State, a rational fact-finder could find the elements of the crimes proven beyond a reasonable doubt, then the evidence is sufficient to sustain the adjudication of delinquency." I.M. v. State, 917 So. 2d 927, 929 (Fla. 1st DCA 2005).

To establish third-degree grand theft, the State must prove that the value of the stolen property was at least $300 at the time of the theft. § 812.014(2)(c)(1); Pickett v. State, 839 So. 2d 860, 861 (Fla. 2d DCA 2003). Although value can be proven with the owner's direct testimony of fair market value of the property, a witness's mere ownership of property unaccompanied by sufficient personal knowledge of its value is insufficient. Mitchell v. State, 917 So. 2d 1056, 1057 (Fla. 2d DCA 2006). "Value may be established by direct testimony of fair market value or through evidence of the original market cost of the property, the manner in which the items were used, the condition and quality of the items, and the percentage of depreciation of the items since their purchase." Pickett, 839 So. 2d at 861-62.

In this case, the victim plainly lacked sufficient personal knowledge to establish the stolen phone's value beyond a reasonable doubt. The victim was only barely able to identify the phone, and he had no knowledge at all of any characteristics that would be relevant to its market value. Although there was testimony admitted about the internet research the victim and his mother did, nothing in the testimony established that the phone or phones they saw on the internet were the same kind of phone or in a similar condition to the phone the victim had. Absent that kind of testimony—or some other probative evidence bearing on value—there was simply no way for the delinquency court to say that the $300 threshold for grand theft was met. See, e.g., M.K. v. State, 143 So. 3d 428, 431 (Fla. 4th DCA 2014) (holding that victim's testimony was insufficient to establish value of a stolen necklace where the victim

- 4 -

"lack[ed] . . . familiarity with the quality, length, weight and cost of the stolen necklace" and could only testify to a price that was based on her parent's internet research); K.W. v. State, 13 So. 3d 90, 91-92 (Fla. 3d DCA 2009) (holding that testimony from witness who lacked personal knowledge of the value of stolen cell phone was insufficient to establish value in a first-degree petit theft trial where the witness did not know the phone's age, quality, condition, or to what extent its value had depreciated); S.M.M. v. State, 569 So. 2d 1339, 1341 (Fla. 1st DCA 1990) (holding that State failed to prove value of stolen jewelry in grand theft prosecution where victim was only able to testify to the price of items a jeweler had indicated were similar to hers). On this evidence, the State could only establish that D.D. committed second-degree petit theft.

D.D. also argues that the State's evidence of the phone's value was not sufficient to meet the $200 threshold for first-degree misdemeanor criminal mischief. See § 806.13(1)(b)(2). Having already established that the State's value evidence could only sustain a conviction for second-degree petit theft under section 812.014, it follows that the same evidence is insufficient to prove first-degree misdemeanor criminal mischief. However, because D.D. failed to raise this particular argument with respect to the criminal mischief count in his motion for judgment of dismissal, it is not preserved for appellate review. See Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation if it is to be considered preserved.").

But that does not bring our analysis to an end. D.D. argues further that even if his sufficiency-of-the-evidence argument on the criminal mischief count is unpreserved, we should nonetheless reverse that finding of delinquency because his

trial counsel was ineffective in failing to preserve that argument.  Generally, "ineffective assistance of counsel may not be raised on direct appeal." Corzo v. State, 806 So. 2d 642, 645 (Fla. 2d DCA 2002).  However, on the rare occasion where ineffectiveness is "obvious on the face of the appellate record, the prejudice caused by the conduct is indisputable, and a tactical explanation for the conduct is inconceivable," we may deviate from the general rule and find ineffective assistance of counsel in a direct appeal.  Id.

In this case, there is no conceivable tactical explanation for D.D.'s counsel's failure to raise the exact same sufficiency-of-the-evidence argument for the criminal mischief charge that he did for grand theft.  And because the prejudice to D.D. is obvious in this instance—his criminal mischief charge would have been downgraded to a second-degree misdemeanor had counsel preserved the argument—it is clear from the face of our record that D.D.'s trial counsel was ineffective and that D.D. is entitled to relief.  See Bagnara v. State, 189 So. 3d 167, 172 (Fla. 4th DCA 2016) (finding that counsel's failure to seek judgment of acquittal in grand theft prosecution where the State failed to offer sufficient evidence that the value of a stolen lawn mower exceeded $300 was ineffective assistance on the face of the record); see also Hicks v. State, 41 So. 3d 327, 331 (Fla. 2d DCA 2010) (finding ineffective assistance on the face of the record where counsel failed to move for judgment of acquittal in second-degree murder case despite the State's failure to offer evidence showing ill will, hatred, spite, or evil intent).

In sum, because the State's evidence was not sufficient to show that the value of the stolen phone met the threshold necessary to prove the offense of grand theft, the delinquency court erred in denying the motion for judgment of dismissal, and

we reverse. Additionally, because D.D.'s counsel was ineffective in failing to challenge the sufficiency of the State's evidence as to the phone's value within the context of the criminal mischief charge, we also reverse the finding that D.D. committed first-degree misdemeanor criminal mischief. On remand, the delinquency court shall enter an order finding that D.D. committed the delinquent acts of second-degree petit theft and second-degree misdemeanor criminal mischief and hold a new disposition hearing. See D.J.S. v. State, 242 So. 3d 448, 449-50 (Fla. 2d DCA 2018); Perez v. State, 162 So. 3d 1139, 1141 (Fla. 2d DCA 2015).

Reversed and remanded with instructions.

CASANUEVA and CRENSHAW, JJ., Concur.