NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

K.H.,                                              )
                                                   )
             Appellant,                            )
                                                   )
v.                                                 )        Case No. 2D17-4376
                                                   )
STATE OF FLORIDA,                                  )
                                                   )
             Appellee.                             )
                                                   )
_____)

Opinion filed February 22, 2019.

Appeal from the Circuit Court for
Hillsborough County; Robert A. Bauman,
Judge.

Howard L. Dimmig, II, Public Defender,
and Richard J. Sanders, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and C. Suzanne Bechard,
Assistant Attorney General, Tampa, for
Appellee.


CASANUEVA, Judge.

             K.H., a juvenile, appeals the trial court's disposition order, which found that

K.H. had committed the delinquent act of resisting an officer without violence.  The trial

court withheld adjudication and placed K.H. on probation.  K.H. asserts that the trial

court erred by failing to grant her motion for judgment of dismissal because the State

failed to prove the officer was engaged in the lawful execution of a legal duty. We find her argument meritorious and reverse.

## I. FACTS

On September 12, 2016, an officer with the Tampa Police Department responded to a call for service regarding a trespass at a gas station. The report received by the officer alleged that two Hispanic females were panhandling but failed to provide any other information, such as the age, height, weight, or clothing of the females. There was no testimony as to the identity of the caller.

Upon arriving at the gas station, the officer saw two females; one was later determined to be K.H. As he approached, the females walked away. The officer ordered them to stop; they did not. Rather, they continued walking around the side of the building. Again, the officer ordered the two to stop. Instead, K.H. departed by running away. Another officer testified to his involvement in helping to locate K.H. after she ran.

Upon this evidence, the trial court concluded the officer was engaged in the performance of a legal duty and denied the motion for judgment of dismissal. The adjudicatory hearing proceeded, and the trial court found that K.H. committed the delinquent act of resisting an officer without violence.

## II. DISCUSSION

We review the denial of a motion for judgment of dismissal de novo. E.A.B. v. State, 851 So. 2d 308, 310 (Fla. 2d DCA 2003). A conclusion that an act of delinquency was committed is to be sustained where, viewing the evidence in the light most favorable to the State, a rational trier of fact could find that the elements of the

delinquent act have been established beyond a reasonable doubt.  Id.  Where the State's proof fails to establish a prima facie case of the delinquent act, a judgment of dismissal is proper.  Id.

To establish the offense of resisting an officer without violence, "the State must prove: (1) the officer was engaged in the lawful execution of a legal duty; and (2) the defendant's action, by his words, conduct, or a combination thereof, constituted obstruction or resistance of that lawful duty."  C.E.L. v. State, 24 So. 3d 1181, 1185-86 (Fla. 2009); see also § 843.02, Fla. Stat. (2016).  The mere act of flight alone does not constitute a criminal offense and generally is insufficient to form the basis of a resisting without violence charge.  C.E.L., 24 So. 3d at 1186.  "[W]hen flight is the act of resistance, an individual who flees must know of the officer's intent to detain him, *and* the officer must be justified in making the stop at the point when the act of resistance occurs."  Id. at 1188 (emphasis added).

To be justified in making the stop, the officer must possess a reasonable suspicion of criminal activity when the suspect is ordered to stop.  M.R. v. State, 198 So. 3d 1023, 1025 (Fla. 2d DCA 2016).  That is, there must be a "reasonable and well-founded suspicion that criminal activity has occurred or is about to occur."  Id.

In M.R., an officer on patrol observed M.R. and three other juveniles riding bicycles in an apartment complex.  198 So. 3d at 1024.  After seeing the officer's vehicle, the juveniles rode behind a building.  This conduct caused the officer to become suspicious.  Although he went behind the building on foot, he did not see the juveniles.  However, as he was returning to his vehicle, the officer observed M.R. riding away and

directed him to stop. M.R. did not stop, and he was later adjudicated delinquent for resisting an officer without violence. Id.

In reversing the adjudication of delinquency, this court observed in M.R. that "the officer must be justified in making the stop at the point when the command to stop is issued." Id. at 1025 (citing C.E.L., 24 So. 3d at 1186). Under the facts presented, this court concluded that the evidence failed to establish that the officer had a reasonable suspicion of criminal activity at the time he ordered M.R. to stop. Id. Therefore, the evidence failed to establish the necessary element that the officer was engaged in the performance of a legal duty when M.R. was ordered to stop. Id.

In T.P. v. State, 224 So. 3d 792, 793 (Fla. 2d DCA 2017), an officer responding to a call of loitering or prowling spotted T.P. about a quarter of a mile away from the reported location of the incident. The officer testified that T.P. matched the BOLO description of a light-skinned black male wearing shorts and a shirt. When told to stop, T.P. took flight and was charged with resisting an officer without violence. Id.

The State argued at trial that the officer had reasonable suspicion to detain T.P. based on the call about someone looking in windows. Id. at 794. We disagreed, finding "the officer observed no suspicious activity prior to ordering T.P. to stop. The only suspicious activity was reported by an unidentified 911 caller who provided a vague description of a light-skinned black male wearing shorts and a shirt looking through windows." Id. at 795. Because the officer lacked reasonable suspicion to stop T.P., the State failed to establish the elements of resisting an officer without violence. Id.

Here, the officer was responding to a call for service from an unidentified caller regarding panhandling and possible trespass. The officer never observed K.H. panhandling.[1] Thus, panhandling cannot form a basis for the stop in this case. See id.

Regarding the possible trespass, we conclude that the evidence is still insufficient to support a stop. "Mere presence on the property is insufficient to give rise to a reasonable suspicion of trespass and a reasonable suspicion of trespass must be based upon something more than 'a mere hunch or guess.' " D.T. v. State, 87 So. 3d 1235, 1241 (Fla. 4th DCA 2012) (quoting Rochell v. State, 934 So. 2d 586, 586 (Fla. 1st DCA 2006)). A posted sign or prior warning may provide that "something more" needed for reasonable suspicion, see id. at 1241-42, but there is no evidence of either in this case. "In the absence of this prior warning by communication or 'posting,' a police officer may initiate a consensual encounter to issue a trespass warning if he has been authorized to do so by the property owner, *but he may not detain or arrest for trespass*." Id. at 1239 (emphasis added).

Here, the State presented no evidence that a prior warning had been issued to K.H., either by posting or communication, nor does the evidence show that the officer was authorized to issue a warning by the property owner. There was no testimony regarding who placed the call for service, and anonymous 911 calls are inherently unreliable. See Baptiste v. State, 995 So. 2d 285, 292 (Fla. 2008) (stating that an anonymous tip can provide a reasonable basis for a stop where the tip contains

---

[1]The record is silent as to whether panhandling violates a state statute, a county ordinance, or a municipal ordinance. Cf. Lawshea v. State, 99 So. 3d 603, 605 (Fla. 2d DCA 2012) (noting that the City of Sarasota has an ordinance regulating panhandling at certain places, times, and manners).

specific details that are corroborated by independent police investigation). Under the facts of this case, we cannot say that the call, combined with K.H.'s mere presence at the gas station, constituted reasonable suspicion to justify a stop for trespass. Thus, the State failed to establish that the officer was engaged in the lawful performance of a legal duty when he ordered K.H. to stop.

### III. CONCLUSION

Because the State failed to establish all of the elements of resisting an officer without violence, the trial court erred by denying the motion for judgment of dismissal.

Reversed and remanded.

BADALAMENTI and ROTHSTEIN-YOUAKIM, JJ., Concur.